(No. 36585.—

HENRY F. GREGORY *et al.,* Appellants, *vs.* THE CITY OF WHEATON, Appellee.

*Opinion filed November 30, 1961.*

LEREN & BUREK, of Wheaton, (PALMER LEREN, of counsel,) for appellants.

LEONARD BOSGRAF, of Chicago, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Henry F. Gregory and his wife brought a declaratory judgment suit in the circuit court of Du Page County to declare void the zoning ordinance of the city of Wheaton insofar as it prevents them from using certain premises as a multiple-family dwelling. From a judgment sustaining the ordinance plaintiffs appeal, the trial judge having certified that the validity of a municipal ordinance is involved and that in his opinion the public interest requires the appeal to be taken directly to this court.

The property in question is a three-story frame house containing four apartments, located at 421 North Wheaton Avenue in Wheaton. Although the area has been zoned for single-family use since 1923, the subject property has been used as a multiple-family residence for about ten years. Plaintiffs purchased it as an investment in August, 1959, and began construction of an outside stairway to the third floor apartment under a permit issued to the former owner. Shortly after work was begun the plaintiffs were notified by the city that they were not to use the premises for anything but a single-family residence. They then sought a rezoning to enable them to use their property for multiple-family purposes, but their petition was denied.

The square block in which plaintiffs' property is situated is completely built up with 23 homes. All were originally designed for single-family residence use, and all except three are still limited to such use. The two exceptions other than plaintiffs' property were used for two and three family pur-

poses since prior to passage of the ordinance and constitute legal nonconforming uses. South of that block are a park and an elementary school, and beyond these is the business district. The area from the subject property north to the city limits is occupied predominantly by single-family residences.

To show the ordinance is arbitrary plaintiffs refer to testimony that several properties in the neighborhood are used as two-family residences and contain roomers, and that the highest and best use of the subject property is for three or four apartments. It is also argued that since the ordinance permits the renting of not more than three rooms in a single-family residence area, and places no limit on the number of roomers or on the number of people who can live as a family unit, the permitted uses could have just as much effect upon the public welfare as would the prohibited use.

In support of the ordinance the city introduced evidence showing that the great majority of properties in the area surrounding the subject premises are devoted to single-family residence use although some of the families rent out rooms, primarily to college students. Two real-estate brokers testified that a continued use of the subject property for multiple-family purposes would have a deteriorating effect on the values of single-family residences in the area. A professional planner expressed the opinion that the "encroachment of a multiple-family use in an area of this kind conceivably could be the beginning of further requests for changes which could ultimately result, I believe, in changing into a hodgepodge type of development in this particular block * * *."

We think that under the applicable rules of law the restriction as applied to this property has not been shown to be arbitrary. Where an owner seeks to have a zoning ordinance declared invalid as to his property he has the burden of proving it to be arbitrary and unreasonable. (*Skrysak* v.

*Village of Mount Prospect,* 13 Ill.2d 329.) To sustain this burden it is not enough to show that the restriction works a hardship on him, or that the desired use would not substantially impair the public health, safety, or welfare. (*Stemwedel* v. *Village of Kenilworth,* 14 Ill.2d 470.) Zoning is primarily a legislative function subject to be reviewed by the courts only for the purpose of determining whether the power, as exercised, involves an invasion of private rights without reasonable relation to the public welfare. In determining the validity of a given zoning ordinance this court considers of paramount importance the question of whether the subject property is zoned in conformity with surrounding existing uses and whether those are uniform and established. (*Jacobson* v. *City of Evanston,* 10 Ill.2d 61.) In the case at bar the neighborhood is composed primarily of single-family residences, and the testimony is that the general character of the area has not changed substantially for many years. There can be little question that the restriction is in conformity with surrounding uses and with the zoning of nearby property.

Plaintiffs argue that the ordinance is unreasonable in prohibiting multiple-family use while permitting the keeping of roomers, since the number of people living as one family unit with roomers may be larger than that occupying equivalent space with separate housekeeping units. While the difference in treatment may be arbitrary under certain circumstances (See *Anderman* v. *City of Chicago,* 379 Ill. 236; *Harmon* v. *City of Peoria,* 374 Ill. 594), each case must be determined upon its own peculiar facts. In a situation such as that in the case at bar, where there is little or no other multiple-dwelling use in the immediate vicinity other than one or two instances of nonconforming use, and where the evidence shows that neighboring properties would be adversely affected, the fact that roomers are permitted does not render invalid the restriction against multiple units. In

*Jacobson* v. *Village of Wilmette*, 403 Ill. 250, where this was substantially the situation, we distinguished the cases relied upon by the plaintiff in the case at bar and observed: "The record clearly shows that a multiple-family dwelling in a neighborhood zoned for single-family dwellings in Wilmette is more detrimental to the neighborhood and to other property therein than is the permitting of three roomers in a single-family dwelling. Under the facts of this case we cannot hold that appellant's rights have been violated by the restriction imposed." A similar conclusion must follow here.

It is true, as plaintiffs point out, that their property is worth more with its present use than it would be if used in compliance with the restriction. The testimony is that as a single family residence its value is $20,000, whereas under its present use the value is $25,000 or $30,000. A lowering in value occurs, however, in almost every instance where use of the property is limited by a zoning ordinance, and while this factor should be considered in determining the validity of the ordinance it is not of itself decisive, particularly where, as the evidence indicates here, the desired use would depreciate the value of other property in the area. *Bolger* v. *Village of Mount Prospect*, 10 Ill.2d 596.

Plaintiffs also contend that the city is estopped by the fact that for ten years the property was devoted to multiple-family use without any action being taken to prevent it, that the building permit authorizing construction of the outside stairway designated the premises as an established two-apartment house, and that plaintiffs thereafter expended funds in erecting the stairway. It has long been established that the doctrine of equitable estoppel is applicable to municipal corporations. In *People ex rel. Beardsley* v. *City of Rock Island*, 215 Ill. 488, the rule was expressed as follows: "Where a party acting in good faith under affirmative acts of a city has made such expensive and permanent improve-

ments that it would be highly inequitable and unjust to destroy the rights acquired, the doctrine of equitable estoppel will be applied." But before the doctrine can be invoked there must have been some positive acts by the municipal officers which may have induced the action of the adverse party. Mere nonaction is not enough. (*People ex rel. Petty* v. *Thomas,* 361 Ill. 448; *Melin* v. *Community Consolidated School Dist.* 312 Ill. 376.) In the case at bar the only positive act relied upon is the issuance of a building permit, and all this did was allow the construction of a stairway at a cost of $400. Moreover, it must appear that the party relying on the doctrine incurred a substantial change of position or made extensive expenditures. In the case at bar nothing is offered to show how much money the plaintiffs spent before they were notified not to use the property as a multiple dwelling. Nor is evidence pointed out in plaintiffs' brief to show in what respect there was such a good faith change of position as to make it inequitable and unjust to enforce the restriction. The argument on this point consists of little more than quotations from Supreme Court opinions, together with the assertion that the expenditure of funds to erect the stairway should prevent the city from now insisting on compliance with the ordinance. Plaintiffs have failed to make the necessary showing to entitle them to invoke the doctrine of equitable estoppel.

The record in this case fully supports the conclusion that the area is characterized by single-family residential use and that such classification is not arbitrary or unreasonable in its application to plaintiffs' property. The judgment of the circuit court is affirmed.

*Judgment affirmed.*