**Frank Viggiano and Cecelia Viggiano, His Wife, et al., Plaintiffs-Appellants, v. City of Elmhurst, a Municipal Corporation, Defendant-Appellee, and Richard H. Stolt, et al., Intervenors-Appellees.**

**Gen. No. 64–118.**

Second District.

January 24, 1966.

Corrigan and Mackay, of Wheaton, for appellants.

Edward J. Vertovec and Thomas H. Price, both of Elmhurst, for appellees.

MR. JUSTICE MORAN delivered the opinion of the court.

This appeal arises from an order dismissing a declaratory judgment action, wherein the plaintiffs sought to have declared as void a zoning ordinance covering a triangular shaped parcel of property in the City of Elmhurst. The construction of the Congress Street Expressway and the Tri-State Tollway to the north and east of the subject premises resulted in the formation of the triangle. It is composed of some forty-three lots, twenty-nine of which are here in controversy. All of the lots are zoned residential and are completely surrounded by like uses.

The triangle is formed by North Avenue on its south boundary, Berteau Avenue on its westerly boundary and DuPage Street on its easterly and southeasterly boundary. The Toll Highway lies immediately east and adjacent to DuPage Street. There are seven houses located within the triangle and numerous houses on streets in both the southerly and westerly directions. There is no dispute as to the appropriate zoning of the subject property prior to the construction of the new highways. All of the parties agree that the property should have been zoned for residential purposes. In fact, the zoning was residential and the property was being developed in accordance with the zoning.

In the plaintiff's view the construction of the Highway system and the increased traffic brought about as a result of that construction, has changed the circumstances to such an extent that residential zoning may not be upheld. The plaintiff applied for a rezoning of the

premises and his application was denied by the local authorities. This action followed and the trial court found that the decision of the City was not arbitrary.

The factors to be considered in a zoning case are familiar and need not be repeated. (See First Nat. Bank of Lake Forest v. County of Lake, 7 Ill2d 213, 130 NE2d 267 (1955)).

Suffice to say that the Legislature has wisely decided to vest zoning discretion in the local authorities. We cannot interfere unless they have exercised their discretion arbitrarily. Since the action of the local authorities is presumed to be correct, the issue before us is whether or not the final decision is arbitrary and without some foundation in the public health, safety, and welfare.

The most important of all of the factors to be considered in a zoning case is the use and zoning of surrounding properties. As was said by the Supreme Court in Gregory v. City of Wheaton, 23 Ill2d 402, 406, 178 NE2d 358 (1961), "In determining the validity of a given zoning ordinance this court considers of paramount importance the question of whether the subject property is zoned in conformity with surrounding existing uses and whether those are uniform and established."

Applying the surrounding use standard to the subject case leaves little doubt as to the outcome. The record indicates that all of the surrounding property is zoned and used for residential purposes. To rezone the subject property for commercial purposes as requested by the plaintiff would be to insert a zoning classification in an area where no such classification exists today. In this connection we note the plaintiff's real estate expert characterized the area as residential and indicated that it would be poor zoning to rezone a portion of the triangle and not the balance as is proposed by the plaintiff. In this state of the record we cannot

142

say that the local authorities were arbitrary in refusing to grant the plaintiff's petition.

 The touchstone of the plaintiff's case concerns the effect of increased traffic around the subject property. There is no question that the traffic has increased as a result of the construction of the Toll Highway, but the issue is—is this single factor under the circumstances presented in this case of overriding importance?

The plaintiff has cited a number of cases which we believe contain distinguishing factual differences. In Tews v. Woolhiser, 352 Ill 212, 185 NE 827 (1933), the subject property was a triangular tract in the Village of Winnetka. The cases seem analogous to this point, but the difficulty comes in the fact that in that case the property in question was completely surrounded by property zoned or used for commercial purposes and abutting a railroad track. This is not true in the case at bar, since as we have pointed out, the subject property is surrounded by property zoned and used for residential purposes.

In Petropoulos v. City of Chicago, 5 Ill2d 270, 125 NE2d 522 (1955), there were gasoline service stations and other non-residential uses across the street from the subject property. In Exchange Nat. Bank v. County of Cook, 6 Ill2d 419, 129 NE2d 1 (1955), the premises were surrounded by industrial uses.

The use and zoning of surrounding property and not traffic was the heart of all of the cases cited to us by the plaintiff. In each case the surrounding property was zoned or used for the very use desired by the property owner. In those instances the court held that a property owner had the right to do what his neighbors did without regard to the traffic.

It appears to the court that traffic will always be with us. Indeed, ten years from today we may look back and consider today an era of the open road. We cannot consider traffic of overriding importance in this case.

143

We have thoroughly examined the record in this case. The premises appear to be located in one of the fine residential neighborhoods of the City of Elmhurst. There are no uses like those proposed by the plaintiff in the area. We cannot say that the local authorities and the trial court, in refusing to insert those uses, were arbitrary. Therefore, judgment is affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.