John Zydzik, Plaintiff-Appellee, v. Edwin Schiff and Aero Cab Company, a Corporation, Citation-Defendant-Appellant.

Gen. No. 53,345.

First District, Second Division.

October 28, 1969.

Irvin Tischer, of Chicago, for appellant.

Patrick E. Mahoney, of Chicago, for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal from an order entered in a citation proceeding, awarding the plaintiff a judgment in the amount of $10,000 against the assignee of plaintiff's judgment debtor. The defendant contends that the trial court erred in construing the assignment contract to include an assumption of the liabilities of its assignor.

John Zydzik was injured in an automobile accident which involved a taxi operated by the Flash Cab Company. He filed a personal injury action naming the company, Edwin Schiff, as owner of the taxi and Chicago Taxi License under which it was operated, and Robert Munn, the driver, as parties defendant. During pendency of the suit a motion suggesting the death of Robert Munn was presented to the court and an order was entered dismissing the cause as to him. Also during pendency of the case defendant Schiff contracted to assign the license under which the taxi involved in the accident was operated to Aero Cab Company, the defendant in the present case. The contract of assignment, dated August 21, 1963, provided that no interest granted therein should pass until the assignor had been notified by the Public Vehicle License Commissioner that the assignee, Aero Cab Company, was qualified under the relevant provisions of the Municipal Code of the City of Chicago. The record is silent as to when that notice issued, but it has not been contended that the contract of assignment has not been given effect.

Ultimately judgment was entered for the plaintiff in his personal injury action against the defendant Schiff only, in the amount of $10,000. Thereafter, the plaintiff brought citation proceedings against Aero Cab in order to enforce his judgment against the taxicab license assigned by Schiff, the judgment debtor, to Aero Cab. Pursuant to the citation proceedings in which plaintiff had

164

prayed that the license in question be ordered to be assigned to him, or that judgment be entered against Aero Cab with allowance of interest from the date of the original judgment, plaintiff was allowed judgment in the amount of $10,000, but the order did not specify that interest was to be allowed.

█ In this appeal the defendant, Aero Cab Company, contends that the Circuit Court erred in finding that it, by reason of the contract of assignment, assumed the liability of its assignor with respect to the injuries suffered by plaintiff. It is the defendant's theory that to construe the contract of assignment in such a manner would require that it include an agreement to indemnify the assignor against his own negligence, and that the clearly expressed intent necessary to create such a risk on the part of the indemnitor is absent from the contract. The assignment contract provides:

> For and in consideration of this assignment the assignee does hereby and has undertaken to be and to become liable for all the present and future liabilities of the assignor arising out of the operation of said taxicab license No. 2655, in accordance with the provisions of Chapter 28 of the Municipal Code of the City of Chicago particularly pertaining to the rules, regulations, provisions and laws of the Public Vehicle License Commission of the City of Chicago.

> It is further understood and agreed by and between the assignor and the assignee that this assignment shall transfer no interest in said Public Passenger Vehicle License No. 2655, hereunder until said assignee shall become qualified under the terms and conditions of Chapter 28–9.1 of the Municipal Code of the City of Chicago which includes furnishing insurance as prescribed by Chapter 28–12 of the Municipal Code of the City of Chicago and until the Public Vehicle License Commissioner has notified the assignor

of the assignee's qualification under 28–9.1 of the Municipal Code of the City of Chicago.

The cases cited by the defendant stand for the proposition that a contract of indemnity will not be deemed to include indemnity for the indemnitee's own negligence unless the intention that such a burden was contemplated is clearly expressed. We are not entirely satisfied, however, that these cases are applicable to the present situation. In each of them the contract of indemnity was entered into prior to the commission of the negligent act. Here the negligent act occurred prior to the execution of the contract and the suit arising out of the act was pending at the time of execution of the contract. Thus, the question presented in those cases which does not arise here is whether there was a promise to indemnify for losses caused by future negligent acts of the indemnitee. Even if we were to assume that the authorities cited by defendant are applicable in the present case, we could only conclude that the language "all present and future liabilities of the assignor arising out of the operation of said taxicab license No. 2655" is broad enough to include assumption of liability for negligent acts including that which caused plaintiff's injury. See Patent Scaffolding Co. v. Standard Oil Co., 68 Ill App2d 29, 215 NE 2d 1 (1966).

Further support for the conclusion that the defendant assumed the liability here in question is found in Chapter 28 of the Municipal Code of the City of Chicago which was recognized in the assignment contract as placing conditions upon the assignment of a taxicab license. Chapter 28–9.1 of the Municipal Code provides in relevant part:

> The licenses and the rights and privileges herein granted shall be assignable provided that before any such assignment shall become effective the Commissioner shall find that the assignee is qualified to comply with the terms and conditions of this ordi-

nance and has undertaken to be and become liable for all of the liabilities of the assignor arising out of the operation of the taxicab, the license of which is so assigned, and the original or a certified executed copy of the assignment and undertaking shall be filed with the Commissioner. . . .

This ordinance conditions the validity of the assignment of a taxicab license and among the conditions imposed is the requirement that the assignee "has undertaken to be and become liable for all of the liabilities of the assignor arising out of the operation of the taxicab." Thus the assumption of liability which the parties themselves placed in the assignment contract is likewise required by the ordinance to the end that the assignment be effective.

Finally, the defendant argues that the assumption of liability envisioned by the parties and required by the above ordinance consisted merely of assumption of the liability to conform with all rules, regulations and ordinances applicable to the operation of a taxicab within the corporate limits of the City of Chicago. We find the language of the ordinance to be incapable of such a construction. It requires no less than assumption of all liabilities of the assignor arising out of operation of the taxicab. The liability of Schiff to plaintiff, reduced to judgment, clearly falls within the scope of the assumption of liability required by the ordinance, and we hold that the trial court did not err in so finding.

Plaintiff filed a notice of cross appeal in which he announced his intention to seek to have the judgment order vacated and an order entered requiring the defendant to assign to plaintiff the taxicab license herein involved, or in the alternative, to have the judgment order amended to include interest on the original judgment. Plaintiff did not file brief or argument in respect thereto and

167

therefore failed to perfect his cross appeal. We note, however, that Ill Rev Stats (1967), c 74, § 3, provides:

> Judgments recovered before any court or magistrate shall draw interest at the rate of 5% per annum from the date of the same until satisfied. . . .

We find that the trial court properly construed the assignment contract and the obligations imposed by the Municipal Code of the City of Chicago and its judgment is therefore affirmed.

Judgment affirmed.

BURKE and McCORMICK, JJ., concur.