LOUISE CAMPBELL, Plaintiff-Appellee, *v.* THE VILLAGE OF OQUAWKA *et al.*, Defendants-Appellants.

(No. 74-366;

Third District—May 30, 1975.

Kritzer, Standell & Critser, of Monmouth, and Winstein, Kavensky & Wallace, of Rock Island (Richard Whitman and F. S. Wallace, of counsel), for appellants.

Buford Hottle, Jr., of Hottle & Spears, and Frederick Lauder, both of Monmouth, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by the Village of Oquawka from a decision of the Circuit Court of Henderson County which found the Village in contempt of an injunction entered in the Circuit Court of Warren County on May 12, 1972. An appeal is also taken from the trial court's denial of a motion to vacate that injunction (entered on May 12, 1972) by reason of change in circumstances. Also, by reason of further proceedings there is consolidated for purpose of appeal, an award of damages to plaintiff by reason of the alleged contempt of the Village of Oquawka in violating the injunction order. On appeal in this court, defendants contend (1) that the contempt order of May 6, 1974, entered by the trial court should be vacated; (2) that the injunction order of May 12, 1972, should be vacated; and (3) that the trial court had no jurisdiction or legal authority to enter an order awarding plaintiff damages in the contempt proceeding based on the petition for damages filed after the filing of notice of appeal from the contempt order of May 6, 1974.

From the record it is apparent that plaintiff, Louise Campbell, owns a lot and house in Oquawka, Illinois, near the Mississippi River. She filed a complaint on October 7, 1970, which alleged that defendants had constructed a levee between her house and the Mississippi River and which she claimed blocked her view and blocked her ingress and egress to her house. She asked for an injunction there requiring the Village of Oquawka to remove the levee for the entire length of the block in which her house stood.

The Village moved to dismiss the complaint because it had constructed the levee in the exercise of its police power. The motion of the Village was denied, and on May 12, 1972, an injunction was entered enjoining the Village from maintaining the levee in front of the Campbell property. The injunction which was issued was based on the finding by the trial court (1) that the levee on Front Street restricts ingress and egress to the

property of plaintiff; (2) that no vacation proceedings have been filed or heard as to the vacation of Front Street adjacent to the property of plaintiff; (3) that the property rights of access to plaintiff, an abutting owner to Front Street in the block, are obstructed unless the levee is removed; and (4) that plaintiff has no adequate remedy at law.

Only the plaintiff appealed to this court and argued that the trial court should have ordered the levee removed from the entire length of the block. This court rejected such appeal and, since this was the only issue before us, we filed an opinion affirming the trial court's order of May 12, 1972, and indicated in the opinion that while the property owner has the right to use of his property, including the right of ingress and egress over a portion of the adjacent part of the street, the rights of such a joint owner (and particularly riparian landowners) are subservient to the public need for protection from flood waters and that the owner, in such case of a use for public safety or for a public purpose, is remitted to her action for damages. We found that the Village was acting in the exercise of its police power in constructing the levee for the purpose of protecting the citizens of Oquawka from floodwaters. No issue was made as to the existence of the levee in front of the Campbell property.

While this court's attention was directed to the fact that there was thereafter a vacation of the street in front of plaintiff's property, and that the 1973 flood had required reconstruction of the levee, since such matters were not before the trial court and nothing was pending on appeal which required or justified further action by this court at that time, we limited our determination in that cause on appeal to the only issue which was presented for determination and concluded that the trial court properly denied the request of plaintiff to require removal of the levee from the entire block.

It is apparent from the record before us that on April 22 and 23, 1973, the Village reconstructed the levee in front of plaintiff's property by reason of flooding by the Mississippi River. On July 31, 1973, plaintiff Campbell filed a petition to show cause why defendant-Village should not be held in contempt by reason of the rebuilding of the levee. A hearing was held on the petition to show cause on December 5, 1973. At such time, testimony in behalf of plaintiff was to the effect that after the reconstruction of the levee plaintiff could still drive in and out of her property but that it was "very difficult to get in and out." The Village introduced an ordinance, which it had enacted on December 3, 1973, which vacated Front Street in front of plaintiff's home and in the entire block where the levee is located. On May 6, 1974, the trial court found that the Village was in contempt of the injunction of May 12, 1972, and ordered the Village to comply with the injunction within 30 days. On June 5, 1974, the Village filed a post-trial motion and on June 15, 1974, filed an addi-

tion to such motion. The motion asked the court to vacate both the injunction of May 12, 1972, and the contempt order of May 6, 1974. At a hearing on such motions held on August 22, 1974, the Village attempted to introduce evidence to show material changes in relevant circumstances and in the law since 1972 to justify vacating the original injunction. The trial court refused to admit any testimony regarding change in circumstances.

The Village made an offer of proof specifically by an Army Corps of Engineers representative that the flood stage at Oquawka was such that flooding is unpredictable, by reason of ice jam flooding when the channel is blocked and the river rises above the flood stage and substantially above the base of the levee. The Village water supply is located near the base of the levee, and the controls to the water supply, which have no water-proofing, are located at the same height as the ground level outside the building. If the Village water controls could not be used, the Village would have no other water supply. An offer of proof was also made to show that rebuilding part of the levee which had been removed to comply with the injunction would require an additional 24 hours for rebuilding, if the Village could obtain full cooperation from the governmental agencies and the loan of dozens of men and many items of equipment. The cost of rebuilding the levee in 1973 for sandbags, men and equipment loaned by the Illinois State Department of Transportation and other expenses totaled over $15,500. In essence, the offer of proof was made to show that maintenance of the levee in front of plaintiff's premises was essential for flood control.

The trial court refused to vacate either the original injunction or the contempt order and, following such denial, the Village filed a notice of appeal on September 3, 1974. On September 9, 1974, plaintiff, in the same action, filed a petition for assessment of damages because of contempt of the Village in rebuilding the levee in 1973. On September 13, 1974, a hearing was held on the petition for assessment of damages and on defendant's motion to dismiss that petition. The trial court, on October 17, 1974, denied the defendant's motion to dismiss the petition for damages and ordered the Village to pay the plaintiff $150 a month for each month since June 1973 "as a result of the contemptuous actions of defendants." The Village thereafter filed a post-trial motion to vacate such order to the extent that the order required the Village to pay damages to plaintiff. It was argued that the trial court was without jurisdiction to rule on the petition for assessment of damages by reason of the fact that an appeal was pending in the cause by virtue of notice of appeal on September 3, 1974, as indicated. The trial court denied such motion. A second notice of appeal was filed by the Village from the order entered October 17, 1974, and the denial of the post-trial motion.

It is noted also that Count I of the plaintiff's complaint, alleged that she had been permanently damaged by the construction of the levee. On April 22 and 23, as we have noted, the Village rebuilt the portion of the levee in front of plaintiff's house to prevent flood damage. In May of 1973, plaintiff's claim for damages was tried before a jury. The jury returned a verdict in favor of plaintiff in the amount of $960. The court entered judgment on such verdict and the Village paid the amount of the judgment.

■■ The procedures in this case have been unusual and, if pursued by a private litigant, might justify the invocation of the doctrine of laches in some aspects of this case as to the defendant. The doctrine of laches, however, does not apply to governmental bodies in the exercise of governmental functions (*Hickey v. Illinois Central R.R. Co.* (1966), 35 Ill.2d 427, 447-448, 220 N.E.2d 415) and, therefore, the failure of the Village to present evidence in an orderly fashion, either in the original proceeding for injunction or in the contempt proceeding, does not justify penalizing the Village by the court orders as entered. It is also well established that the court retains continuing jurisdiction to modify or vacate an injunction and, certainly, when there is a change in circumstances or a change in case or statutory law. *Material Service Corp. v. Hollingsworth* (1953), 415 Ill. 284, 287-8, 112 N.E.2d 703.

■■ Certainly an injunction could be vacated at any time upon an adequate showing. The Village attempted to make such showing in the proceeding now on appeal before us. Apparently, the Village tried to get along with part of the levee in front of plaintiff's home removed but found in 1973 that it was not feasible. The trial court should have allowed defendants to introduce evidence of change of circumstances and other material evidence. If the Village had assumed that the levee would be adequate, without being complete in front of plaintiff's property, that assumption was shown to be incorrect in 'view of the flooding in 1973, and a showing of such factors should have been permitted and considered by the trial court. While it is not the best practice to wait until a post-trial motion is filed to raise such issues, as indicated in 3A Nichols Illinois Civil Practice § 3837 (1961) and section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 68.3), a post-trial motion in chancery cases is designed not only to obtain a rehearing or a retrial, but also a modification or a vacation of a decree or judgment or other available relief, in appropriate cases.

■■■ For the reasons stated, we believe that the trial court erred in denying defendant the opportunity to make proof in support of its motion to vacate the injunction issued in 1972. The court similarly erred in failing to permit defendants to introduce evidence to justify the emer-

gency nature of the reconstruction of the levee, in response to the show cause order in contempt proceedings, and to show reasons why defendants should not be held in contempt. Evidence concerning change of circumstances would obviously be pertinent in determining whether or not defendants should be held in contempt. The court should not have denied the governmental entity the right to present evidence on issues which directly bear on a public interest—the prevention of flooding and jeopardy to the water supply, even though the request for such showing was made belatedly and would not be considered if presented by a private litigant.

We have indicated in our previous opinion (*Campbell v. Village of Oquawka* (3rd Dist. 1974), 16 Ill.App.3d 1016, 307 N.E.2d 418 (abstract opinion), that the Village of Oquawka was properly exercising its police power in the promotion of flood control. This conclusion would apply equally to the portion of the levee in front of plaintiff's house as well as in the rest of the block. The fact that the street has been vacated was a circumstance which clearly showed that the portion of Front Street in front of plaintiff's premises and the remainder was not to be used as a public thoroughfare. This does not mean that plaintiff should be denied access to her property, and it appears that such access has been preserved, even though it may be limited.

As we have noted, the Village filed a notice of appeal on September 3, 1974, from the denial of the motion to vacate the 1972 injunction and, also, to vacate the contempt order entered by the trial court. It was not until September 9, 1974, that plaintiff filed a petition for assessment of damages caused by the contempt of the Village in rebuilding the levee in 1973. As we have indicated in *Eberle v. Greene* (3rd Dist. 1966), 71 Ill.App.2d 85, 93, 217 N.E.2d 6:

> "The established rule in Illinois is that the court may imprison or fine for contempt of its orders but is without authority to recompense Plaintiff for his damages."

In view of the pendency of the appeal in this cause, it is apparent that the trial court had no jurisdiction to expand its contempt order of May 6, 1974, particularly in awarding specific damages to plaintiff. The notice of appeal by its terms operates to restrain the trial court from entering any order which would change or modify the judgment or decree, or the scope thereof, and from entering any order which would have the effect of interfering with the review of the judgment or decree. (*Lind v. Spannuth* (1st Dist. 1956), 8 Ill.App.2d 442, 453, 131 N.E.2d 796.) The order of the trial court, therefore, in awarding plaintiff damages of $150 a month in the contempt proceedings should be vacated.

In oral argument in this court, the attorney for plaintiff repeated that

plaintiff did not dispute the fact that the Village of Oquawka has the power to construct the levee within the scope of its police power, and maintains that the only interest of plaintiff is that plaintiff should be adequately compensated for any damages sustained by plaintiff by reason of the action of the Village. We believe that this is a proper statement of the real issue as between the parties. Plaintiff's attorney contends that because of the procedure there is no definitive proceeding in which plaintiff could seek and obtain a recovery for damages sustained by reason of the action of the Village. It was implied by such argument that defendant Village apparently agrees, but contends that damages have already been awarded to plaintiff in the jury verdict heretofore rendered. We do not have a sufficient record before us to determine this particular issue. If plaintiff feels that a showing could be made that plaintiff has sustained damage beyond that which has previously been awarded in a jury trial and which was paid by the Village, she can file an action for such damages, since it appears that the levee will be required to be maintained permanently, in view of the continuing flood danger, if the representations made by defendant in the offer of proof are in fact sustained. Plaintiff is not required to wait until defendant files a condemnation action, in view of the obvious permanence of the levee, if plaintiff has suffered damage exceeding that already paid by the Village, and is entitled to a determination thereof by a jury or by the court, as the parties may request.

It is apparent, therefore, that the trial court erred in refusing to allow the defendant Village to make a showing which would justify the vacation of the injunction and, also, that the trial court erred in failing to allow such evidence to be presented in the contempt proceeding as justification for the action of the Village in building the levee.

For the reasons stated, therefore, the trial court's order of October 17, 1974, in awarding damages to the plaintiff is reversed and the trial court's order of May 6, 1974, in the contempt proceeding is likewise reversed. This cause is remanded to the Circuit Court of Henderson County for a further proceeding in a consolidated hearing on the contempt issue and on the motion to vacate the original injunction of May 12, 1972. If a showing is made by defendant Village consistent with its offer of proof, then no finding of contempt should be made and the injunction order of May 12, 1972, should be vacated with a finding that plaintiff has an adequate remedy at law. Such other proceedings may likewise be had in such consolidated hearing as is consistent with the views expressed in this opinion.

Reversed and remanded with directions.

STOUDER, P. J., and BARRY, J., concur.