EDWARD HAEFLINGER, Plaintiff-Appellee, v. THE CITY OF WOOD DALE, Defendant-Appellant.

Second District   No. 84—0001

Opinion filed December 31, 1984.

Erwin W. Jentsch, of Bradtke & Zimmerman, of Mt. Prospect, for appellant.

No brief filed for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, city of Wood Dale, appeals from a lower court grant of an injunction barring defendant from collecting sewer "user fees" from plaintiff, Edward Haeflinger, for sewer use prior to October 12, 1982, based upon the equitable theories of estoppel and *laches*.

On appeal, defendant maintains that the trial court improperly invoked the equitable defenses of estoppel and *laches* against defendant, a municipal corporation.

The facts in the instant case were agreed to below by written

stipulation of the parties. In summary, the agreed facts provide that Edward Haeflinger, plaintiff, is the successor in interest to certain real estate located within the city of Wood Dale. The particular property is subject to an agreement between plaintiff's predecessors in title, the Masons, and defendant, executed on November 5, 1962. This agreement recited that defendant (then the village of Wood Dale) had installed a sanitary sewer system, and also contained provisions assessing fees for initial connections to the system pursuant to Wood Dale Ordinance No. 235. The 1962 agreement further provided that the Masons (plaintiff's predecessor in title) had an adequate septic tank and did not wish to make connection to the system at that time. The Masons did, however, agree to pay defendant the sum of $1,750, the full amount of the initial "connection fee." In return, the Masons obtained the right to make connections in the future, at their own expense, without incurring any further "connection fees" payable to defendant. This agreement, and the benefits conferred thereunder, also applied to any successors in interest to the Masons' property, namely plaintiff in the instant case. The 1962 agreement did not contain any provisions pertaining to sanitary system "user fees," authorized by statute (see Ill. Rev. Stat. 1981, ch. 24, par. 11—141—7), to be paid for sewer use after connection.

On October 12, 1982, while engaged in the construction of a new sewer system, defendant discovered plaintiff had previously made connection to the sewer system. At no time from November 5, 1962, until October 12, 1982, did the defendant municipality seek to collect sewer "user fees" from plaintiff. Defendant's records did, however, indicate that a sewer tax had been assessed against the property on April 25, 1974. On or about December 6, 1982, defendant filed a lien claim against plaintiff's property in the amount of $758.64 for approximately 8½ years of prior sewer use. In response, on January 12, 1983, plaintiff filed a petition for equitable relief seeking a mandatory injunction ordering defendant to file a release of lien on the ground that defendant was precluded from enforcing its claim under the doctrines of equitable estoppel and *laches*.

After a hearing on the merits, based upon the agreed stipulation of facts, the trial court granted plaintiff's petition barring defendant from collecting any fees for sewer use prior to October 12, 1982. It is this ruling from which the defendant municipality appeals. Although no appellate brief was filed by the plaintiff, we may decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

While the trial court gave no explanation of its ruling, it is appar-

ent from the arguments of counsel below that the court found the defendant was either equitably estopped or barred by *laches* from enforcing its claim. Although equitable estoppel and *laches* are usually asserted as affirmative defenses to a suit brought by another party, we perceive no difference in the application of the two doctrines in the context of plaintiff's action here for an injunction in which he raised estoppel and *laches* in his pleadings and assumed the burden to prove them. See *Estes Co. v. Employers Mutual Casualty Co.* (1980), 79 Ill. 2d 228, 236, 402 N.E.2d 613.

■ Defendant first contends that it is not estopped from collecting sewer "user fees" by reason of its failure to collect such fees in the past. Defendant asserts that a finding of equitable estoppel against a public body is not favored, and, accordingly, plaintiff has failed to overcome the increased burden of proof necessary to invoke the doctrine of equitable estoppel against a municipal corporation engaged in a governmental function.

Illinois law generally provides that the doctrine of equitable estoppel is applicable to municipal corporations. (*Kenny Construction Co. v. Metropolitan Sanitary District* (1971), 52 Ill. 2d 187, 197, 288 N.E.2d 1; *Gregory v. City of Wheaton* (1961), 23 Ill. 2d 402, 408, 178 N.E.2d 358; *Budka v. Board of Public Safety Commissioners* (1983), 120 Ill. App. 3d 348, 353, 458 N.E.2d 126.) However, where a governmental body is engaged in a matter of the exercise of its governmental functions, particularly those relating to public revenues, estoppel should only be invoked in extraordinary circumstances. *People ex rel. Scott v. Chicago Thoroughbred Enterprises, Inc.* (1973), 56 Ill. 2d 210, 220, 306 N.E.2d 7; *Tyska v. Board of Education* (1983), 117 Ill. App. 3d 917, 930-31, 453 N.E.2d 1344; *County of Cook v. Patka* (1980), 85 Ill. App. 3d 5, 12-13, 405 N.E.2d 1376.

■■ Parties seeking to invoke the doctrine of equitable estoppel against a municipality must establish: (1) an affirmative act on the part of the municipality; (2) that the affirmative act induced the complained-of action, and (3) that they substantially changed their position as a result of their justifiable reliance. (*American National Bank & Trust Co. v. Arlington Heights* (1983), 115 Ill. App. 3d 342, 347, 450 N.E.2d 898; *Solomon v. City of Evanston* (1975), 29 Ill. App. 3d 782, 792, 331 N.E.2d 380.) The affirmative acts which induce reliance by a party must be acts of the municipality itself, such as legislation by a city council, rather than merely the unauthorized act of a ministerial officer or a ministerial misinterpretation. *In re Application of Rosewell* (1984), 126 Ill. App. 3d 30, 35, 466 N.E.2d 1230.

■ The construction and maintenance of a sewer system is a

proper exercise of a municipality's governmental function. (See *Ruth v. Aurora Sanitary District* (1959), 17 Ill. 2d 11, 20, 158 N.E.2d 601; *Spalding v. Granite City* (1953), 415 Ill. 274, 279, 113 N.E.2d 567; *People ex rel. Chicago Title & Trust Co. v. Mission Brook Sanitary District* (1966), 76 Ill. App. 2d 423, 428, 222 N.E.2d 8; see also McQuillen, Municipal Corporations sec. 31—10, at 172 n.7.55 (3d ed. 1983 & 1984 Supp.).) Therefore, plaintiff bears an increased burden of establishing extraordinary circumstances in order to invoke the doctrine of equitable estoppel against defendant in the present case.

■ An examination of the stipulated facts reveals that plaintiff, contrary to the finding of the court below, has not met this burden. Defendant's failure to collect user fees for a 20-year period is not the type of affirmative act or conduct upon which plaintiff could justifiably rely in invoking estoppel against a municipality. At the very most, defendant's conduct amounted to mere nonaction or a ministerial misinterpretation on the part of the municipality, and it is clear that these are insufficient grounds to work an estoppel. (*Hickey v. Illinois Central R.R. Co.* (1966), 35 Ill. 2d 427, 448, 220 N.E.2d 415; *Gregory v. City of Wheaton* (1961), 23 Ill. 2d 402, 408, 178 N.E.2d 358; *Cook County v. Patka* (1980), 85 Ill. App. 3d 5, 13, 405 N.E.2d 1376.) Moreover, plaintiff, on this record, fails to establish how he substantially changed his position as a result of his reliance on the defendant's omission. Estoppel is based on proof, not speculation, and it is the one claiming estoppel who has the burden of proof. (*Cook County v. Patka* (1980), 85 Ill. App. 3d 5, 14, 405 N.E.2d 1376.) Plaintiff has produced no evidence enabling him to overcome this burden.

The record neither discloses any affirmative conduct by defendant upon which plaintiff relied to his detriment, which is necessary to invoke the doctrine of equitable estoppel, nor establishes extraordinary circumstances. Therefore, we conclude that defendant, a municipal corporation, is not equitably estopped from collecting past due sewer "user fees" under the circumstances presented in the instant case.

■ ■ In support of its next contention that it is not barred by *laches*, defendant raises two arguments. Initially, defendant maintains that it is engaged in a governmental function and that the doctrine of *laches* is inapplicable to government bodies in the exercise of governmental functions. In its alternative argument, defendant contends, assuming *laches* is applicable, that the stipulated facts preclude the application of *laches* in the instant case, since it did not have knowledge plaintiff had been using the sewer system until the connection was inadvertently discovered while constructing a new sewer on October 12, 1982.

While there is language in several Illinois appellate court decisions supporting defendant's contention that the doctrine of *laches* does not apply to governmental bodies in the exercise of governmental functions (see, *e.g., Campbell v. Village of Oquawka* (1975), 28 Ill. App. 3d 1038, 1042, 328 N.E.2d 903; *In re Estate of Vandeventer* (1973), 16 Ill. App. 3d 163, 165, 305 N.E.2d 299; *In re Estate of Grimsley* (1972), 7 Ill. App. 3d 563, 566, 288 N.E.2d 66; *Shoreline Builders Co. v. City of Park Ridge* (1965), 60 Ill. App. 2d 282, 294, 209 N.E.2d 878), our supreme court has held that any immunity from *laches* enjoyed by the State is of a qualified nature (*Hickey v. Illinois Central R.R. Co.* (1966), 35 Ill. 2d 427, 448, 220 N.E.2d 415), and is not an absolute immunity as maintained by defendant. Thus, we believe the extraordinary circumstances necessary for invoking equitable estoppel against a municipality, as discussed above, are similarly applicable when *laches* is asserted as an equitable defense against a claim by a government body engaged in a matter of the exercise of its governmental functions. See *Hickey v. Illinois Central R.R. Co.* (1966), 35 Ill. 2d 427, 448, 220 N.E.2d 415.

*Laches* will operate to bar equitable relief where the failure to assert a right, along with a lapse of time and other circumstances, causes prejudice to the adverse party. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12; *Village of Northbrook v. County of Cook* (1984), 126 Ill. App. 3d 145, 148, 466 N.E.2d 1215.) However, the doctrine of *laches* will not be invoked where the party against whom *laches* is asserted had no knowledge of the relevant facts upon which his or her claim is based, unless occasioned by a lack of diligence. See *Getto v. City of Chicago* (1981), 86 Ill. 2d 39, 53, 426 N.E.2d 844; *Ross v. City of Geneva* (1978), 71 Ill. 2d 27, 34, 373 N.E.2d 1342.

■ In the present case, the stipulated facts indicate that prior to October 12, 1982, the date plaintiff's connection was discovered, defendant was unaware that plaintiff was connected to, and had been using, the city's sanitary sewer system. Plaintiff's assertion that the defendant had actual knowledge by reason of the 1974 sewer tax listed on its records is unpersuasive. This tax is not representative of plaintiff's actual connection and use of the sewer system, but, rather, evidences that a sewer had been constructed in that area, since the 1974 tax applied across-the-board to all residents irrespective of whether they had made actual connection to the system. Similarly, the agreed stipulation of facts and record do not reveal any evidence indicating defendant's actual knowledge of plaintiff's previous use of the sanitary sewer system prior to October 12, 1982.

Since defendant did not have actual knowledge of the relevant

facts and this was not occasioned by its own lack of diligence, we find the doctrine of *laches* inapplicable in the present situation.

Accordingly, we conclude that the equitable defense of *laches* does not preclude defendant, a municipal corporation, from collecting past due sewer "user fees" under the circumstances in the instant case.

For the foregoing reasons, the decision of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

NASH, P.J., and HOPF, J., concur.