RON CAREY, Plaintiff-Appellee, v. THE CITY OF ROCKFORD et al., Defendant-Appellant.

Second District   No. 84—251

Opinion filed June 25, 1985.

---

Charles E. Box, Legal Director, of Rockford (Kathleen Elliott, of counsel), for appellant.

Peter A. Savitski, of Rockford, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

The defendant, the city of Rockford (city), appeals from judgment in favor of the plaintiff, Ronald Carey, and against it in the sum of $2,105.50 for recovery of medical expenses the plaintiff incurred for an operation to reverse an earlier vasectomy. The defendant raises a single assignment of error in this court: that the court below erred when, relying on the doctrine of equitable estoppel, it determined that the city was liable for the payment of the medical expenses of the plaintiff, an employee of the city. We note, also, that the plaintiff has filed a cross-appeal from that portion of the trial court's order that denied his claim for attorney fees. For the reasons expressed below, we reverse the judgment of the trial court and dismiss the plaintiff's cross-appeal.

■ It is clear that equitable estoppel is a doctrine that is invoked to prevent fraud and injustice. (*Hickey v. Illinois Central R.R. Co.* (1966), 35 Ill. 2d 427, 449, *cert. denied* (1967), 386 U.S. 934, 17 L. Ed. 2d 806, 87 S. Ct. 957; *Launius v. Najman* (1984), 129 Ill. App. 3d 498, 504; *American Savings Association v. Conrath* (1984), 123 Ill. App. 3d 140, 145.) The test that is employed is whether, considering all the circumstances of the particular case, conscious and honest dealing require that the defendant be estopped. (*Lincoln-Way Community High School District 210 v. Village of Frankfort* (1977), 51 Ill. App. 3d 602, 609.) Recently, this court has

set forth at length the elements that must be present before the doctrine of equitable estoppel will be applied. (See, *e.g., Gary-Wheaton Bank v. Meyer* (1984), 130 Ill. App. 3d 87, 95-96; *Haeflinger v. City of Wood Dale* (1984), 129 Ill. App. 3d 674, 677; *American Savings Association v. Conrath* (1984), 123 Ill. App. 3d 140, 145; *Willowbrook Development Corp. v. Pollution Control Board* (1981), 92 Ill. App. 3d 1074, 1079.) Therefore, we need not recite those factors in detail again here.

Although the law of this State provides that the doctrine of equitable estoppel applies to municipal corporations (*Kenny Construction Co. v. Metropolitan Sanitary District* (1971), 52 Ill. 2d 187, 197; *Haeflinger v. City of Wood Dale* (1984), 129 Ill. App. 3d 674, 677), the law does not favor a finding of estoppel against a public body (*In re Application of Rosewell* (1984), 126 Ill. App. 3d 30, 35). Parties who seek to invoke the doctrine of equitable estoppel against a municipality must establish three things: (1) an affirmative act on the part of the municipality; (2) that the affirmative act included the action about which the parties complain; and (3) that they substantially changed their position as a result of their justifiable reliance. (*Haeflinger v. Wood Dale* (1984), 129 Ill. App. 3d 674, 677; *American National Bank & Trust Co. v. Village of Arlington Heights* (1983), 115 Ill. App. 3d 342, 347.) The affirmative acts that induce a party's reliance must be acts of the municipality itself, such as legislation by the city council, rather than the mere unauthorized act of a ministerial officer or a ministerial misrepresentation. (*Haeflinger v. Wood Dale* (1984), 129 Ill. App. 3d 674, 677; *In re Application of Rosewell* (1984), 126 Ill. App. 3d 30, 35.) The party who asserts the existence of the estoppel has the burden of proving it by clear, precise, and unequivocal evidence. *National Tea Co. v. 4600 Club, Inc.* (1975), 33 Ill. App. 3d 1000, 1003; see *Gary-Wheaton Bank v. Meyer* (1984), 130 Ill. App. 3d 87, 96; *Haeflinger v. Wood Dale* (1984), 129 Ill. App. 3d 674, 678.

The record in the case at bar establishes that the city's policy was not to cover a bilateral vasovasostomy operation, also known as a vasectomy reversal, under the terms of its health insurance policy. Although the city had paid for the 1980 vasectomy reversal surgery of Larry Michaelson, a city employee, the city paid for that operation in error and did not discover the mistake until 1983, after the plaintiff here sought to recover payment for the expenses he incurred as a consequence of his own vasectomy reversal surgery in January 1983. Before having his operation, the plaintiff conversed with Michaelson, who informed the plaintiff that the city had paid

for his, Michaelson's, earlier vasectomy reversal. Michaelson was not representing either the Health Claims Administration (HCA), which administers the city's health insurance policy, or the city, when he informed the plaintiff that the city, which is self-insured, paid for the medical expenses occasioned by his 1980 operation.

It is clear, also, that the city's health plan booklet, a copy of which the plaintiff possessed well in advance of his operation, did not expressly include a vasectomy reversal operation as a covered procedure or expressly exclude such a procedure from coverage. The booklet merely stated that expenses incurred as the result of "injury" and "illness" were covered, but those terms were not defined in the booklet. However, another publication known as the city's plan document, which was available in the city's personnel department for perusal by the city's employees, defined "injury" as "accidental bodily injury" and described "sickness" as "disease, mental, emotional, or nervous disorders, and Covered Pregnancy." According to the plaintiff, he did not receive a copy of the city's plan document until after the surgery in question and his attempt to get the city to pay for the vasectomy reversal. Also, the plaintiff admitted that he did not contact HCA prior to his operation to ascertain whether the city's health insurance policy would cover the surgical procedure, and there is no evidence in the record that Mr. Carey made such an inquiry to the city before submitting to surgery.

■ The gravamen of the plaintiff's assertion of the doctrine of equitable estoppel in the present case is the fact that the city paid for Michaelson's 1980 operation and that the plaintiff relied upon this fact in deciding to undergo his own vasectomy reversal surgery in January 1983. It is manifest, however, that equitable estoppel will not arise where the representation or conduct of the party sought to be estopped is due to ignorance founded upon an innocent mistake. (*First Regular Baptist Church v. Insurance Co. of North America* (6th Cir. 1971), 444 F.2d 279, 282, *cert. denied* (1971), 404 U.S. 992, 30 L. Ed. 2d 543, 92 S. Ct. 537.) This single act of the city is insufficient to enlarge the scope of the city's health insurance policy to include the plaintiff's vasectomy reversal operation. (*Cf. Jennings v. Bituminous Casualty Corp.* (1964), 47 Ill. App. 2d 243, 250-51.) Furthermore, there is no indication in the record that either the city of HCA misrepresented a material fact to the plaintiff or concealed such a fact from him. The only representation that was made to the plaintiff in the case at bar was by Larry Michaelson, a fellow employee who was not acting in behalf of the city or HCA. In addition, the plaintiff's reliance on Larry Michaelson's representation and the

city's single instance of paying for a vasectomy reversal was not reasonable, because the plaintiff had a convenient means of ascertaining the true facts which would have prompted him to act otherwise (*Ladd Construction Co. v. Insurance Co. of North America* (1979), 73 Ill. App. 3d 43, 49; *DeGraw v. State Security Insurance Co.* (1976), 40 Ill. App. 3d 26, 34). Accordingly, we conclude that the plaintiff has failed to establish by clear and unequivocal evidence the applicability of the doctrine of equitable estoppel under the instant circumstances. See, *e.g., Haeflinger v. City of Wood Dale* (1984), 129 Ill. App. 3d 674, 677-78; *In re Application of Rosewell* (1984), 126 Ill. App. 3d 30, 34-35.

In passing, we point out that, in reaching its decision in favor of the plaintiff and against the city, the trial court relied upon *Gibraltar Insurance Co. v. Varkalis* (1970), 46 Ill. 2d 481, and *DeGraw v. State Security Insurance Co.* (1976), 40 Ill. App. 3d 26. In our view, these cases, as well as the case law the plaintiff cites in his brief, are distinguishable factually from the present case and are not persuasive.

■ As we stated earlier, the plaintiff filed a cross-appeal from that portion of the trial court's order denying his claim for attorney fees. The plaintiff did not cross-appeal, however, from that part of the trial court's order dismissing his complaint against the other defendant, the Rockford Policeman's Relief Association. We note that the plaintiff has not addressed in his brief the question of the propriety of the trial court's denial of an award of attorney fees. The brief he has filed in this court responds solely to the issue the city raises on review. Therefore, the plaintiff has failed to perfect his cross-appeal. *Zydzik v. Schiff* (1969), 116 Ill. App. 2d 163, 167-68.

In accordance with the views expressed above, we reverse the judgment of the trial court and dismiss the plaintiff's cross-appeal.

Judgment reversed; cross-appeal dismissed.

NASH, P.J., and STROUSE, J., concur.