THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JODI L. JOINER, Defendant-Appellee.

Third District   No. 3—87—0487

Opinion filed September 26, 1988.

Gary L. Peterlin, State's Attorney, of Ottawa (William L. Browers and
Dale M. Wood, both of State's Attorneys Appellate Prosecutor's Office, of
counsel), for the People.

Jodi L. Joiner, of Joliet, appellee *pro se.*

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The State appeals the rescission of the statutory summary suspension of the driver's license of the defendant, Jodi L. Joiner. We reverse.

Initially, we note that the defendant failed to file a brief. However, we choose to decide the merits of this appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

On May 3, 1987, the defendant was issued a uniform traffic citation charging her with driving under the influence of alcohol. The defendant subsequently took a breathalyzer examination which disclosed a blood-alcohol concentration of .10. On May 12, 1987, the defendant was notified that her driver's license would be suspended for three months, effective June 18, 1987.

On May 19, 1987, the defendant filed a petition to rescind the statutory summary suspension of her license. The petition was scheduled for a hearing on June 11, 1987. On June 1, 1987, the defendant filed a motion for substitution of judge. The motion was granted on June 9, 1987. The cause was assigned to Judge Fred Wagner. On June 12, 1987, the defendant filed notice calling for a hearing before Judge Wagner on the petition to rescind the statutory summary suspension. After several continuances, the petition hearing was held on June 24, 1987. At the hearing, the judge granted the petition because more than 30 days had elapsed from the filing of the petition to rescind, in violation of section 2—118.1(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b)).

On appeal, the State argues that the trial court erroneously granted the defendant's petition to rescind the statutory summary suspension. We agree.

Section 2—118.1(b) of the Illinois Vehicle Code (the Code) in relevant part provides that when a person receives notice of the statutory summary suspension of her driver's license pursuant to section 11—501.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1), she may request a hearing to rescind the statutory summary suspension (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b)). According to section 2—118.1(b), the hearing is to be held within 30 days of the filing of the request or the first appearance on the driving under the influence charge. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).) When a defendant files a petition to rescind statutory summary suspension of

her driver's license, the burden of proceeding and the burden of proof is on the defendant. *People v. Brandt* (1988), 165 Ill. App. 3d 406; *In re Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E.2d 614.

In *Trainor*, the Fourth District was presented with a situation similar to that confronting the court here. The defendant Trainor filed a request for a summary suspension rescission hearing. Before 30 days had elapsed from the filing of the request, the defendant filed a motion for substitution of judge. The motion was granted. Still within the 30-day limit, the defendant requested from the new judge a date for the rescission hearing. Two weeks after the expiration of the 30-day period, the defendant filed a motion to rescind suspension for lack of a timely hearing. The motion was denied.

■ On appeal, the Fourth District initially held that the 30-day time limit set forth in section 2—118.1 is mandatory. The court explained that because failure to hold a hearing within the required 30 days violates a driver's due process, the only appropriate remedy is rescission of the suspension. The *Trainor* court then held that where a driver requests a change of judge, the 30 days would not start running until the new judge is furnished with a request of hearing.

■ The reasoning and holding in *Trainor* is applicable to the case at bar. We find that the 30-day time period prescribed in section 2—118.1(b) did not begin to run until the newly assigned judge received the defendant's request for a hearing on her petition for rescission. The judge received that request on June 12, 1987. The hearing on that petition was held on June 24, well within 30 days of its request. Accordingly, we reverse the trial court's ruling rescinding the defendant's statutory summary suspension of her license for failure to hold a rescission petition hearing within 30 days. We remand this cause to the trial court for further proceedings.

Reversed and remanded.

HEIPLE and WOMBACHER, JJ., concur.