THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. THOMAS M. GRANGE, Defendant-Appellee.

Second District   No. 2—88—0323

Opinion filed April 27, 1989.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 301 (107 Ill. 2d R. 301) from a final judgment of the circuit court of Du Page County granting defendant's, Thomas M. Grange's, petition to rescind the statutory summary suspension of defendant's license. The final judgment rescinding the summary suspension was entered March 7, 1988. No post-trial motion was filed. Notice of appeal was timely filed on April 5, 1988, within 30 days of the court's entry of the final judgment. (107 Ill. 2d R. 303(a)(1).) Defendant has not filed a brief with this court. We proceed to address the merits of the State's appeal. *Haeflinger v. City of Wood Dale* (1984), 129 Ill. App. 3d 674, 472 N.E.2d 1228.

On January 28, 1988, defendant was arrested and charged by a verified complaint with two counts of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501(a)(1), (a)(2)). A blood-alcohol test was requested by the arresting officer pursuant to section 11—501.1(a) of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(a)). Defendant submitted to the test, which revealed a blood-alcohol content of 0.22. On January 28, 1988, defendant was given immediate notice by the arresting officer of the statutory summary suspension of his driving privileges. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(f).) Confirmation of statutory summary suspension of driving privileges was sent to defendant by the Secretary of State confirming that defendant's suspension would begin as of March 14, 1988. Ill. Rev. Stat. 1987, ch. 95½, par. 11—

501.1(i).

On February 3, 1988, defendant filed a petition for a summary suspension hearing (rescission hearing) with the circuit court clerk. The petition was filed pursuant to section 2—118.1 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1) and sought a rescission of the suspension on all four issues permitted at such a hearing. (See Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) The petition requested a hearing date of March 4, 1988. The petition also stated defendant's belief that the State would be ready for such a hearing on the arraignment date of March 4, 1988. However, the actual arraignment date appearing on the complaint was March 7, 1988.

On March 7, 1988, defendant filed a motion to dismiss the statutory summary suspension based on a failure to hold a rescission hearing on or before March 4, 1988, within 30 days of defendant's February 3, 1988, request for a hearing, as required under section 2—118.1 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1). The motion was heard on March 7, 1988. The State argued that section 2—118.1 alternatively authorized the hearing to be held on the first appearance date, which was March 7, 1988, and, therefore, defendant's motion to dismiss should be denied and a full hearing under section 2—118.1 be held. Relying on *In re Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E. 2d 614, the trial court granted defendant's motion to dismiss the statutory summary suspension ruling that failure to hold a hearing within 30 days of defendant's request mandated rescission of defendant's statutory summary suspension.

On appeal, the State argues that section 2—118.1(b) of the Code does not mandate that a hearing be conducted within 30 days of defendant's request but that the judge has limited discretion to conduct the hearing either (1) within 30 days of defendant's request to the court, or (2) on the first appearance date appearing on the uniform traffic ticket. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b); *People v. Gerke* (1988), 123 Ill. 2d 85, 525 N.E.2d 68.) Thus, the State argues, the trial court erred when it rescinded defendant's summary suspension for failure to hold a hearing within 30 days when the State was ready to proceed on the rescission hearing on the first appearance date. We agree. Section 2—118.1(b) of the Code provides in relevant part:

> "Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension re-

scinded. Within 30 days after receipt of the written request *or* the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, or a similar provision of a local ordinance, the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request or process shall not stay or delay the statutory summary suspension. Such hearings shall proceed in the court in the same manner as in other civil proceedings." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).)

The State argues that the trial court erred in its reliance on *In re Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E.2d 614. The State argues that the facts in *Trainor* show that the first appearance date had already passed prior to defendant's request, and the trial court never had the option of holding the rescission hearing on the first appearance date, and, therefore, the appellate court in *Trainor* had no need to address the alternative hearing date authorized in the language of section 2—118.1(b). We agree that *Trainor* does not directly address the facts of the instant case. Unlike *Trainor*, the instant case raises the issue of whether a hearing must be conducted within 30 days of a request to the court where the 30-day limit expires before the first appearance date on the *uniform traffic ticket.*

A plain reading of section 2—118.1(b) of the Code (Ill. Rev. Stat. 1987, ch. 95½. par. 2—118.1(b)) indicates that the use of the language "the hearing shall be conducted by the circuit court having jurisdiction" is a mandate to the trial court to conduct a rescission hearing. (See *People v. Gerke* (1988), 123 Ill. 2d 85, 94, 525 N.E.2d 68 (unless context of statute indicates otherwise, "shall" indicates a mandatory obligation).) However, the mandate to conduct a rescission hearing is only triggered by a request from an affected driver to the court for a rescission hearing. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) Once properly requested, the rescission hearing is to be held "[w]ithin 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket." (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) The language quoted above has been interpreted by our supreme court to mean within 30 days after receipt of the written request or *on* the first appearance date. (*People v. Gerke* (1988), 123 Ill. 2d 85, 91, 525 N.E.2d 68, 71 (held timing of rescission hearing under statutory summary suspension scheme did not violate due process).) Where, as here, the 30 days elapsed before the first appearance date on the DUI offense, section 2—118.1(b), although requiring the trial court to conduct a hearing, does *not require* the trial court to conduct a hearing within 30 days of the request for a rescission hear-

ing. In such a situation, section 2—118.1(b) gives the court limited discretion in choosing the time at which to conduct a rescission hearing. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) To hold otherwise would require us to narrowly interpret a statute, which, it has been long established, is to be liberally construed by the courts. (*People v. Doty* (1987), 164 Ill. App. 3d 53, 517 N.E.2d 338.) The trial court erroneously believed it had no choice but to order rescission of defendant's summary suspension of driving privileges. The trial court on March 7, 1988, "the first appearance date," should have conducted a full hearing on all four issues properly raised by defendant under section 2—118.1(b). (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) Accordingly, we reverse and remand to the trial court for a full hearing on defendant's petition to rescind.

◼ Additionally, we note that defendant was not charged with DUI by the issuance of a uniform traffic ticket. Although defendant was arrested and charged with two counts of DUI on January 28, 1988, he was charged by a verified complaint. Defendant was also given a uniform traffic ticket on January 28, 1988, citing him for an improper turn in violation of section 11—801(a) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—801(a)). There was no court date on that part of the uniform traffic ticket set aside to inform a violator of an appearance date. The first appearance date of March 7, 1988, appeared on defendant's January 28, 1988, bail bond which referenced both DUI charges and the improper turn violation. Under the liberal interpretation of statutes implementing the implied consent scheme, it has been held that the issuance of a uniform traffic ticket is merely directory and not mandatory. (See *People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 454 N.E.2d 1166 (implied consent statute operates upon arrest of defendant, and fact of arrest is not limited to proof as evidenced by the issuance of a uniform traffic ticket under section 11—501.1(a)).) Likewise, we do not interpret the language of section 2—118.1(b), which is similar to section 11—501.1(a) in its reference to a uniform traffic ticket, to require that the first appearance date appear on a uniform traffic ticket before the court is allowed the discretion to conduct a rescission hearing on the first appearance date. Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).

◼ Although not raised by the State, we choose to exercise our appellate discretion and address an additional ground appearing in the record upon which a reversal of the trial court is warranted. (*Duncavage v. Allen* (1986), 147 Ill. App. 3d 88, 497 N.E.2d 433 (waiver is limitation upon the parties, not the courts, and a reviewing court may ignore waiver in order to achieve a just result).) Our review of the

record leads us to raise the question of whether or at what point in the proceedings did defendant make a sufficient request to the court for a hearing under section 2—118.1(b) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b)). Section 2—118.1, as part of the legislature's summary suspension scheme, should be liberally construed to accomplish its purpose of protecting the citizens of Illinois upon the highways. (*People v. Doty* (1987), 164 Ill. App. 3d 53, 517 N.E.2d 33.) We believe that section 2—118.1(b) requires more than the mere filing with the circuit court clerk of a petition for a rescission hearing before defendant's statutory right to a hearing within 30 days begins to run. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) Under section 2—118.1, the burden to proceed and the burden of proof in a rescission hearing are placed upon defendant. (*People v. Blythe* (1987), 153 Ill. App. 3d 292, 505 N.E.2d 402.) Defendant's petition for a rescission hearing, stating the grounds upon which rescission is sought, is to be made "to the circuit court." (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) Such hearings are to proceed in the court in the same manner as in other civil proceedings. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) Unless a motion is brought to the attention of the court and the court is asked to rule on it, the motion is not effectively made. *People v. Beardsley* (1985), 139 Ill. App. 3d 819, 487 N.E.2d 731 (motion is an application to the court, which must be brought to the attention of the court, and the mere filing of a motion with the circuit court clerk is not a sufficient application); *City National Bank v. Langley* (1987), 161 Ill. App. 3d 266, 514 N.E.2d 508 (unless it appears otherwise, where no ruling appears to have been made on a motion, the presumption is that the motion was waived or abandoned).

■ We hold that defendant's request for a hearing was insufficient under the statute. In the instant case, defendant never sought a hearing date before the court. Defendant did not attempt to bring his petition before the court for a ruling in any manner prior to the March 7, 1988, appearance date on the criminal complaint. The mere filing in the clerk's office of a petition for a rescission hearing with no attempt by defendant to obtain from the court a hearing date does not meet the burden placed upon defendant to proceed in obtaining a rescission hearing under section 2—118.1(b) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b)). Our holding finds support in the very case defendant relied upon in the trial court. (See *In re Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E.2d 614.) The court in *Trainor* held that failure to hold a rescission hearing within 30 days of the defendant's request required the statutory summary suspension to be rescinded. However, the court in *Trainor* also held that where

the defendant requested a substitution of judges after initially requesting a rescission hearing, the 30-day time limit for holding the hearing began to run anew from the time the new judge was furnished with a request for a rescission hearing. *In re Trainor* (1987), 156 Ill. App. 3d 918, 923, 510 N.E.2d 614, 617-18 (unless the delay was occasioned by the defendant, failure to hold section 2—118.1 hearing within 30 days of defendant's request required rescission of suspension).

A similar result was reached in the recent case of *People v. Joiner* (1988), 174 Ill. App. 3d 927, 529 N.E.2d 268.) In *Joiner*, the defendant filed a petition for a rescission hearing on May 19, 1987. The petition was set for a hearing on June 11, 1987. On June 1, the defendant filed a motion for a substitution of judges which was granted on June 9, 1987. On June 12, 1987, the defendant filed a notice calling for a hearing before the new judge. After several continuances, the hearing on the defendant's petition was held on June 24, 1987. The trial court rescinded the suspension due to the fact more than 30 days had elapsed since the defendant's May 19, 1987, filing of the petition. The court in *Joiner*, relying on *Trainor*, reversed, holding that the 30-day time limit began to run anew from the June 12, 1987, notice calling for a hearing on the petition, because it was on June 12, 1987, that the new judge received the defendant's request for a rescission hearing. (*People v. Joiner* (1988), 174 Ill. App. 3d 927, 929, 529 N.E.2d 268, 270.) We hold that the mere filing with the circuit court clerk of a petition requesting a hearing does not start the running of the 30-day time period in which a hearing is to be held but that, to be sufficient, such a request for a hearing must be brought to the attention of the court so that a hearing date can be set. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) The trial court erred in ordering defendant's statutory summary suspension to be rescinded for failure to hold a hearing within 30 days because the 30-day period did not begin to run until defendant made a request to the court for such a hearing which did not occur until March 7, 1988.

We reverse the judgment of the circuit court and remand the cause for further proceedings.

Reversed and remanded.

DUNN and McLAREN, JJ., concur.