THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellant, v. ROBERT A. JOHNSON, Petitioner-Appellee.

Third District No. 3—90—0125

Opinion filed September 7, 1990.

Kevin W. Lyons, State's Attorney, of Peoria (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Kim Kelly, of Peoria, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The petitioner, Robert A. Johnson, filed a petition to rescind the statutory summary suspension of his driver's license. The trial court granted his petition, and the State appeals. We affirm.

The record reveals that on October 14, 1989, the petitioner was issued a citation for driving under the influence of alcohol (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a)(2)). He was also served with a notice of summary suspension based upon his refusal to submit to a breathalyzer test (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1). On November 22, 1989, the petitioner filed a petition to rescind his summary suspension and a petition for a judicial driving permit (JDP).

A hearing was subsequently set for December 6, 1989, on the petition for a JDP. No hearing was set for his petition to rescind the summary suspension.

On January 4, 1990, the petitioner filed a motion to strike the statutory summary suspension, alleging that the clerk of the circuit court had failed to set a hearing on his rescission petition within 30

days as required under section 2—118.1(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b)). Following a hearing on the motion, the trial court found that since no hearing date was set within 30 days, the petitioner's summary suspension must be rescinded.

The State argues on appeal that the trial court erred in concluding that it was the prosecutor's or the clerk's responsibility to set the hearing date.

Section 2—118.1(b) of the Illinois Motor Vehicle Code provides in relevant part:

"Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, *** the hearing shall be conducted by the circuit court having jurisdiction." Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).

■■ Initially, we note that a petitioner seeking rescission of his summary suspension bears the burden of proceeding and the burden of proof. (*People v. Joiner* (1988), 174 Ill. App. 3d 927, 529 N.E.2d 268.) Once a hearing to rescind the suspension is requested, it must be held within 30 days of the request. This 30-day period is mandatory, the legislature having determined that this time period constitutes a prompt hearing under the due process requirements. (*In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E.2d 614.) Failure to hold a hearing within the required 30 days violates the driver's due process rights. The only appropriate remedy is to require the rescission of his suspension. *Trainor*, 156 Ill. App. 3d at 922, 510 N.E.2d at 617.

In the instant case, it is undisputed that the petitioner did not receive a hearing within the 30-day period. The State argues, however, that the burden was on the petitioner to secure a hearing date. We do not agree.

■ The petitioner filed the petition to rescind his summary suspension with the clerk of the circuit court and the trial court. A copy was also sent to the State's Attorney's office. The sufficiency of the petition is not in dispute. We find that the petitioner met the initial filing requirements of section 2—118.1 and thus fulfilled his burden of proceeding with the petition. Once those requirements were met, the

burden shifted to the State to ensure that a hearing date was set within 30 days. The State did not meet its burden. Therefore, the failure to hold a hearing within 30 days violated the petitioner's due process rights and the trial court had no alternative but to rescind his summary suspension.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

GORMAN and SCOTT, JJ., concur.