THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RUSTY L. SOWERS, Defendant-Appellee.

Fifth District   No. 5—88—0813

Opinion filed October 10, 1990.

Paula Phillips, State's Attorney, of Effingham (Kenneth R. Boyle,

Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:
The State appeals from a judgment of the circuit court of Effingham County granting defendant's petition to rescind the statutory summary suspension of his license. Defendant has not filed a brief with this court. We proceed to address the merits of the State's appeal. *Haeflinger v. City of Wood Dale* (1984), 129 Ill. App. 3d 674, 472 N.E.2d 1228.

On October 6, 1988, defendant was arrested and charged by a verified complaint with driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)). A blood-alcohol test was requested by the arresting officer pursuant to section 11—501.1(a) of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(a)). Defendant, after refusing to take the test, was given immediate notice by the arresting officer of the statutory suspension of his driving privileges. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(f).) Confirmation of statutory summary suspension of driving privileges was sent to defendant by the Secretary of State stating that defendant's suspension would begin on November 21, 1988, and end on November 21, 1989. Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(i).

Defendant's first court date was set for November 7, 1988. On November 3, 1988, the defendant filed a petition for a summary suspension hearing pursuant to section 2—118.1 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1). On December 9, 1988, the defendant filed a motion to rescind the statutory summary suspension based on the court's failure to hold a rescission hearing within 30 days of defendant's November 3, 1988, request for a hearing, as required under section 2—118.1 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1). The motion was heard on December 12, 1988, and on December 13, 1988, defendant's motion was granted. It is from this order that the State appeals.

■ The sole issue presented on appeal is whether the defendant's statutory right to a hearing within 30 days begins to run upon the mere filing with the clerk of the circuit court of a petition for a rescission hearing. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) We are of the opinion that it does not, and we therefore reverse.

This very issue was discussed in *People v. Grange* (1989), 181 Ill.

App. 3d 981, 537 N.E.2d 1153. In that case the defendant filed his petition with the circuit clerk; however, he made no attempt to have the motion set for hearing. In reversing, the court stated, "the mere filing with the circuit court clerk of a petition requesting a hearing does not start the running of the 30-day time period in which a hearing is to be held but that, to be sufficient, such a request for a hearing must be brought to the attention of the court so that a hearing date can be set." *People v. Grange* (1989), 181 Ill. App. 3d 981, 987, 537 N.E.2d 1153, 1157.

■ In this case, as in *People v. Grange*, the defendant made no attempt to have his motion set for a hearing date. It is clear from the foregoing that the defendant must, at the very least, make an attempt to have his motion heard. Therefore we hold that the trial court erred in ordering defendant's statutory summary suspension rescinded for failure to hold a hearing within 30 days because the 30-day period did not begin to run until defendant made a request to the court for a hearing. Since the request did not occur until December 9, 1988, the trial court erred in allowing the defendant's motion to rescind the summary suspension on December 13, 1988.

We note that *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E.2d 614, the case relied on by the trial court, is distinguishable from this case. In *In re Trainor* the defendant filed his petition and attempted to have his motion set for hearing. However, the hearing was not held within 30 days of this attempt. *Trainor* is not controlling under the facts of this case. This defendant made no attempt to have his motion heard. We therefore reverse the judgment of the circuit court and remand the cause for further proceedings.

Reversed and remanded.

GOLDENHERSH and RARICK, JJ., concur.