THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GREGORY S. ALLEN, Defendant-Appellee.

Fifth District   No. 5—90—0203

Opinion filed August 27, 1991.

Paula Phillips, State's Attorney, of Effingham (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301) from final judgment of the circuit court of Effingham County granting defendant Gregory S. Allen's petition to rescind the statutory summary suspension of his driver's license. Defendant has not filed a brief with this court. We proceed to address the merits of the State's appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493; *Haeflinger v. City of Wood Dale* (1984), 129 Ill. App. 3d 674, 472 N.E.2d 1228.

On December 25, 1989, defendant was arrested and charged by a uniform traffic ticket with driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501). Defendant received a statutory summary suspension pursuant to section 11—501.1 of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1) for failure to submit to chemical tests at the request of the arresting officer. Confirmation of that suspension was filed on January 5, 1990, and the suspension was to become effective on February 9, 1990, the 46th day following the arrest. Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(g).

On January 16, 1990, defendant filed a petition to rescind the statutory summary suspension and a hearing on the petition was scheduled for February 15, 1990. The State's Attorney filed a motion on January 17, 1990, requesting substitution of judge for the assigned judge, the Honorable Richard H. Brummer, pursuant to section 114—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 114—5(c)). Thereafter, on February 8, 1990, the chief judge assigned the Honorable E.C. Eberspacher as the trial judge in the case. On that date, Judge Eberspacher entered an order on his own motion removing the Effingham County State's Attorney and her office from the prosecution of the case and requiring that she surrender her files to the sheriff.

On February 15, 1990, the date originally set for the hearing on defendant's motion to rescind the suspension, defendant appeared before the daily call judge, the Honorable Steven P. Seymour, and announced his readiness to proceed with the hearing. Judge Seymour stated that he had no authority to hear the petition to rescind because the case had been assigned to Judge Eberspacher. Although an assistant State's Attorney was present in the courtroom, Judge Seymour noted that due to Judge Eberspacher's order removing the State's Attorney's office from the case, no one appeared on behalf of the State.

On February 20, 1990, Judge Eberspacher entered an order reinstating the State's Attorney as the prosecuting authority and reinstating Judge Brummer as the trial judge in defendant's case. Later that day, defendant and an assistant State's Attorney appeared before Judge Seymour and the State's motion for continuance was granted because the prosecutor had not had control of the State's file and had had no opportunity to subpoena witnesses.

On March 1, 1990, the parties appeared for the hearing on defendant's petition to rescind the suspension and defendant filed a second motion to rescind based on a failure to hold a rescission hearing within 30 days of defendant's January 16, 1990, request, as required under section 2—118.1 of the Code (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1). The State argued that, due to Judge Eberspacher's order, the State had no control over the failure to hold a timely hearing and should not be held accountable for its absence. Further, the State contended that the mandatory time requirement of section 2—118.1 was not intended to apply when circumstances beyond the State's control precluded it from proceeding.

Judge Seymour agreed that the failure to hold the hearing within the time limits of the statute was not the result of a lack of diligence either by the State or by defendant. However, the court stated that based on *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E.2d 614, it was compelled to grant defendant's motion to rescind the statutory summary suspension.

We agree with the trial court that *Trainor* is dispositive of the instant case. Section 2—118.1(b) of the Code provides in relevant part as follows:

> "Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. *** Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, or a similar provision of a local ordinance, the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request or process shall not stay or delay the statutory summary suspension."

(Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).)

The *Trainor* court interpreted this 30-day time period as mandatory and held that the failure to hold a hearing within 30 days of the request, unless the delay was occasioned by defendant, violated defendant's right to due process. (*Trainor*, 156 Ill. App. 3d at 922-23, 510

N.E.2d at 617.) In so holding, the *Trainor* court commented that the time frame specified in the statute reflected the legislature's determination of what constitutes a prompt hearing for due process requirements, and that the only appropriate remedy for noncompliance with this rule was to require the rescission of the motorist's suspension. 156 Ill. App. 3d at 922, 510 N.E.2d at 617.

We further agree with the trial court's conclusion that because the statutory time period has been determined to be mandatory, rescission of defendant's suspension was required because defendant did not cause the delay. In statutory construction, the use of the word "shall" generally indicates a mandatory meaning and will not be given a permissive meaning when it is used with reference to a person's right or benefit, as here, and the right or benefit depends on the mandatory meaning. (*People v. Rideout* (1990), 193 Ill. App. 3d 884, 890, 550 N.E.2d 632, 635; *Newkirk v. Bigard* (1985), 109 Ill. 2d 28, 33, 485 N.E.2d 321, 323, *cert. denied* (1986), 475 U.S. 1140, 90 L. Ed. 2d 335, 106 S. Ct. 1789.) Although the State argues that the legislature could not have intended that a suspension be rescinded under the peculiar circumstances of the instant case, where the language of the act is certain and unambiguous the only legitimate function of the courts is to enforce the law as enacted by the legislature. It is never proper for a court to depart from plain language by reading into a statute exceptions, limitations, or conditions that conflict with the clearly expressed legislative intent. *Carswell v. Rosewell* (1986), 150 Ill. App. 3d 168, 172, 501 N.E.2d 695, 697.

In the present case, the record shows that the hearing on defendant's petition was held well after 30 days had elapsed from the date of his request, and after his driving privileges had already been rescinded. Therefore, applying the *Trainor* court's reasoning to the case at bar and considering the intent of the legislation and the circumstances at the time the rescission order was entered in this case, we conclude that defendant did not have the benefit of the prompt hearing contemplated in the statute to satisfy due process requirements. The statutory summary suspension was therefore properly rescinded. Accordingly, the judgment of the circuit court of Effingham County is affirmed.

Affirmed.

HOWERTON and WELCH, JJ., concur.