THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT MICHAEL HILL, Defendant-Appellant.

Fourth District   No. 4—91—0293

Opinion filed September 24, 1991.—Rehearing denied November 1, 1991.

Rex L. Reu, of Thomson & Weintraub, of Bloomington, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

260

JUSTICE KNECHT delivered the opinion of the court:

The defendant appeals from the McLean County circuit court's denial of his motion to rescind the statutory summary suspension of his driver's license. We affirm.

On March 3, 1991, defendant received four uniform traffic citations, including one for driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a)(2)). He refused to submit to a blood-alcohol test and received notice of the summary suspension of his driver's license at the scene. The summary suspension was to become effective April 18, 1991. The traffic citations listed April 9, 1991, as the first appearance date.

On March 15, 1991, defendant filed a petition to rescind the summary suspension. The petition requested a hearing, pursuant to section 2—118.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1), and requested the clerk of the court notify him of the hearing date. On March 18, 1991, defendant filed notice of an April 10, 1991, hearing date with the court. The State moved, on April 1, 1991, for a continuance alleging the arresting officer was a material witness and would be out of town on April 10. The court held a hearing on the motion to continue on April 9, granted the motion, and continued the hearing to April 16, 1991.

On April 15, 1991, defendant filed a petition to rescind the statutory summary suspension for lack of timely hearing. At a hearing held April 16, 1991, the court denied the motion and sustained the summary suspension of defendant's driving privileges. (Ill. Rev. Stat. 1989, ch. 95½, par. 6—208.1.) Defendant appeals the denial of his motion to rescind for lack of a timely hearing.

■ The Code provides for a hearing challenging the summary suspension of a driver's license.

"(b) Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, *** the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request or process shall not stay or delay the statutory summary suspension. Such hearings shall proceed in the court in the same

manner as in other civil proceedings." Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).

The defendant bases his argument on this court's decision in *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E.2d 614. There, the defendant was arrested for DUI on April 27, 1986. When he refused to take chemical tests, his driver's license was summarily suspended. The confirmation of suspension was filed May 9 and was to become effective June 12. On May 16 the defendant filed a request for a hearing pursuant to section 2—118.1 of the Code (see Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1) and the hearing was set for May 27. On May 27 the defendant filed a motion for substitution of judge and the court granted the motion. The new judge was appointed May 29. On June 3 the defendant sent a letter to the court advising of his petition for a hearing and requesting a prompt hearing. On July 3 the defendant filed a motion to rescind the summary suspension for lack of a timely hearing. The circuit court denied the motion.

This court reversed, holding: "[I]n order to comply with due process requirements, the hearing required in section 2—118.1 must be held within the 30 days unless delay is occasioned by the defendant, and failure to do so will require rescission of the suspension." (*Trainor*, 156 Ill. App. 3d at 923, 510 N.E.2d at 618.) The 30-day time period was deemed mandatory and, thus, the failure to conduct the hearing within 30 days violated the defendant's due process rights. *Trainor*, 156 Ill. App. 3d at 922, 510 N.E.2d at 617.

Defendant also relies on *People v. Johnson* (1990), 202 Ill. App. 3d 809, 560 N.E.2d 430. The defendant in *Johnson* filed a petition for a judicial driving permit (JDP) and a petition to rescind the summary suspension of his driver's license. A hearing was set on the JDP petition but not on the petition to rescind. Defendant filed a motion to strike the summary suspension because the hearing was not held within 30 days. The court granted the motion and the State appealed.

On appeal, the State argued the circuit court erred in concluding the prosecutor or clerk had responsibility for setting a hearing date. The court concluded the person seeking rescission carries the burden of proceeding and the burden of proof. (*Johnson*, 202 Ill. App. 3d at 811, 560 N.E.2d at 431.) The court found the defendant met his burden and the burden then shifted to the State to ensure a hearing date was set within 30 days. The appellate court affirmed the circuit court's rescission of the summary suspension.

At the April 16 hearing in this case, the circuit court stated it had determined at the April 9 hearing on the State's motion to continue that

defendant's statutory suspension did not begin until April 18. The court further stated:

> "This court considered at the time of the original hearing which was clearly scheduled within [the] 30 days a motion to continue because of the unavailability of a material witness. This court exercised its discretion in allowing the motion to continue. This court additionally insured that the hearing on the petition to rescind would be set prior to the time that the statutory summary suspension became effective. This court believes that it complied with the intent of the legislature in securing an early hearing date for the defendant on the petition to rescind that he filed."

■ The trial court misinterpreted the statute; the effective date of the statutory summary suspension is not relevant. The critical dates set forth in section 2—118.1 of the Code are for the 30-day time period which begins with the request for a hearing and the original appearance date shown on the citation. Thus, the trial court erred in denying the defendant's motion because the hearing would be conducted before the effective date of the suspension of his driver's license. Yet we affirm the circuit court's decision, concluding the court reached the correct result.

The defendant filed his petition March 15 but did not serve notice of a hearing date until March 18. We conclude the 30-day statutory time period expired on April 18, 30 days after the defendant provided proper notice. In so holding, we adopt the reasoning of the Second District Appellate Court in *People v. Grange* (1989), 181 Ill. App. 3d 981, 537 N.E.2d 1153.

The defendant in *Grange* was arrested for DUI on January 28, 1988. He submitted to a blood-alcohol test, which revealed his blood-alcohol content was 0.22. The arresting officer immediately notified the defendant of the summary suspension of his driver's license. On February 3, 1988, defendant filed a petition seeking a hearing pursuant to section 2—118.1 of the Code. He requested a March 4 hearing date. The first appearance date shown on the verified complaint for defendant was March 7, 1988. On March 7 defendant filed a motion to rescind the statutory summary suspension because the hearing was not held within 30 days of his February 3 request. The trial court relied on *Trainor* and granted the defendant's motion. The State appealed.

The Second District Appellate Court held the trial court erred in granting the defendant's motion. The statute provides for a hearing within 30 days of a request by the driver *or* on the first appearance date shown on the uniform traffic citation. Thus, a hearing on the first appearance date, March 7, 1988, in *Grange*, was timely.

Though not raised by the State, the *Grange* court chose to exercise its discretion and address an additional issue appearing on the record and warranting reversal of the trial court. The issue was "whether or at what point in the proceedings did defendant make a sufficient request to the court for a hearing under section 2—118.1(b) of the Code." (*Grange*, 181 Ill. App. 3d at 986, 537 N.E.2d at 1156.) The court stated:

"We believe that section 2—118.1(b) requires more than the mere filing with the circuit court clerk of a petition for a rescission hearing before defendant's statutory right to a hearing within 30 days begins to run. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) Under section 2—118.1, the burden to proceed and the burden of proof in a rescission hearing are placed upon defendant. (*People v. Blythe* (1987), 153 Ill. App. 3d 292, 505 N.E.2d 402.) Defendant's petition for a rescission hearing, stating the grounds upon which rescission is sought, is to be made 'to the circuit court.' (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) Such hearings are to proceed in the court in the same manner as in other civil proceedings. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) Unless a motion is brought to the attention of the court and the court is asked to rule on it, the motion is not effectively made." *Grange*, 181 Ill. App. 3d at 986, 537 N.E.2d at 1156.

■ The court concluded the defendant's request for a hearing was insufficient because it did not seek a hearing date. The court held, "[T]he mere filing with the circuit court clerk of a petition requesting a hearing does not start the running of the 30-day time period in which a hearing is to be held but that, to be sufficient, such a request for a hearing must be brought to the attention of the court so that a hearing date can be set." (*Grange*, 181 Ill. App. 3d at 987, 537 N.E.2d at 1157.) The court concluded the *Trainor* decision supported this result, because it held the 30-day time period began running anew from the time the defendant requested a new judge. We agree, and do not view our decision in this case as a departure from *Trainor*.

The decision of the McLean County circuit court denying defendant's motion to rescind the statutory summary suspension of his driver's license for lack of a timely hearing is affirmed.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.