THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellant, v. JACK E. PUCKETT, Petitioner-Appellee.

Third District   No. 3—91—0122

Opinion filed November 14, 1991.

Marshall E. Douglas, State's Attorney, of Rock Island (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Gregory J. McHugh, of Appleton & McHugh, of Aledo (Mark A. Appleton, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

Petitioner, Jack Puckett, filed a petition to rescind the statutory summary suspension of his driver's license. The trial court granted the rescission based on the failure to hold a hearing within 30 days of petitioner's request for judicial review as required by statute. The State appeals, and we affirm.

The record shows that on November 3, 1990, the petitioner was arrested and charged with the offense of driving under the influence of alcohol (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a)(2)). He was also served with notice of the statutory summary suspension of his driver's license based on his refusal to submit to a breathalyzer test (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1). A confirmation of statutory summary suspension was sent to the petitioner indicating that his license would be suspended as of December 19, 1990.

On December 7, 1990, the petitioner filed a petition for judicial review of the summary suspension. On January 18, 1991, the petitioner filed a motion to immediately rescind the summary suspension on the grounds that no hearing had been conducted within 30 days of the filing of his petition for judicial review as required under section 2—118.1(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b)). Following a hearing on January 23, 1991, the trial court denied the motion to immediately rescind the suspension. On January 25, after reviewing additional case law, the trial court granted the petitioner's motion to reconsider and ordered the summary suspension rescinded.

The issue raised on appeal is whether the statutory right to a hearing within 30 days begins to run upon the filing of a petition for

judicial review of the statutory summary suspension with the circuit clerk, or whether the petitioner must do something more in order to commence the 30-day period (*i.e.*, attempt to secure a hearing date).

Section 2—118.1(b) of the Illinois Vehicle Code provides in relevant part:

> "Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, *** the hearing shall be conducted by the circuit court having jurisdiction." Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).

The State argues that the mere filing of a petition for judicial review of a summary suspension is not a sufficient request for a hearing under section 2—118.1(b). The State contends that the petitioner must also attempt to set a hearing date in order to begin the 30-day period. We do not agree.

This issue was recently addressed by this court in *People v. Johnson* (1990), 202 Ill. App. 3d 809, 560 N.E.2d 430, where the petitioner filed a petition to revoke his statutory summary suspension with the circuit clerk and did nothing further. After 30 days elapsed, the petitioner filed a motion to strike the summary suspension for failure to hold a timely hearing. The motion was granted, and the State appealed. In affirming the rescission, this court noted that a petitioner seeking rescission of his summary suspension bears the burden of proceeding and the burden of proof. (*Johnson*, 202 Ill. App. 3d at 811, 560 N.E.2d at 431.) However, we held that once a petition for a rescission hearing has been filed with the clerk, the petitioner has met his burden under section 2—118.1 and the burden then shifts to the State to ensure that a hearing is held within 30 days. We further held that the failure to hold a hearing within 30 days is a violation of the right to due process and that the only appropriate remedy is to rescind the summary suspension. *Johnson*, 202 Ill. App. 3d at 812, 560 N.E.2d at 431.

We are aware that other districts have reached a different conclusion on this issue. (*People v. Hill* (4th Dist. 1991), 219 Ill. App. 3d 259; *People v. Sowers* (5th Dist. 1990), 203 Ill. App. 3d 1059, 561 N.E.2d 469; *People v. Grange* (2d Dist. 1989), 181 Ill. App. 3d 981,

537 N.E.2d 1153.) In order to grant the State's requested relief, we would have to reverse our decision in *Johnson*. We decline to do so.

In *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 923, 510 N.E.2d 614, 618, the court held that "in order to comply with due process requirements, the hearing required in section 2—118.1 must be held within the 30 days unless delay is occasioned by the defendant, and failure to do so will require rescission of the suspension." In the case at bar, the delay was not occasioned by the petitioner. The statute requires that the petitioner make a written request for a judicial hearing to the circuit court of venue. Petitioner met this requirement by filing his petition for judicial review with the clerk of the circuit court and by sending a copy of the petition to the State's Attorney's office. The statute also requires that "[w]ithin 30 days after receipt of the written request *** the hearing *shall* be conducted by the circuit court having jurisdiction." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).) No hearing was held within 30 days of the petitioner's request.

The confirmation of statutory summary suspension which was sent to the petitioner clearly set forth the procedure for obtaining judicial review. In relevant part, it stated as follows:

> "You have the right to petition for judicial review of the Statutory Summary Suspension. Petitions must be filed in writing and submitted to the Clerk of the Circuit Court of the Court shown on the front of this Confirmation of Statutory Suspension."

Petitioner met the filing requirements of section 2—118.1 and thus fulfilled his burden of proceeding with the petition. Because no hearing was held within 30 days of the filing of the petition for judicial review by the petitioner, the trial court correctly rescinded the statutory summary suspension.

For the reasons stated above, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

GORMAN and HAASE, JJ., concur.