THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
RICK MILLS, Defendant-Appellee.
Fifth District   No. 5—92—0032

Opinion filed September 17, 1992.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

George R. Ripplinger, Jr., of Ripplinger, Dixon & Johnston, of Belleville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:
The circuit court of St. Clair County rescinded the statutory summary suspension of the driving privileges of the defendant based on its finding that the defendant had not been afforded a hearing on his petition for rescission within 30 days from the filing of his petition. The State asserts that the trial court erred in holding that the mere filing of a petition for rescission of the statutory summary suspension

was sufficient to trigger the running of the 30-day period within which a rescission hearing must be held. We reverse.

Defendant was arrested for driving under the influence of alcohol (DUI). His breathalyzer test revealed an alcohol concentration of .24, and he was served with immediate notice of the summary suspension of his driving privileges.

On June 11, 1991, defendant filed a motion to dismiss the DUI charge because his first appearance date was not set within the time allowed for first appearances under Supreme Court Rule 504. (134 Ill. 2d R. 504.) The trial court granted defendant's motion to dismiss on June 17, 1991.

On July 2, 1991, defendant filed a motion to rescind his statutory summary suspension. No request was made at that time to have a hearing set on that motion, although a copy of the motion to rescind was served upon the office of the State's Attorney.

On September 9, 1991, defendant filed a supplemental motion to rescind the statutory summary suspension, and defendant also requested that the matter be set for hearing on the next available date. A copy of the supplemental motion to rescind was sent to the State's Attorney. The supplemental motion asserted that rescission was required because no hearing had been held on defendant's original motion to rescind within the 30-day time limit dictated by section 2—118.1(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95½, par. 2—118.1(b)). Defendant's supplemental motion was denied October 17, 1991. The trial court found that the running of the 30-day time limit had not been set into motion because defendant had not requested a hearing on the motion he filed June 2, 1991.

On October 29, 1991, defendant filed a "post-trial motion/motion to reconsider." He asserted that the statute only required him to file a petition to rescind the summary suspension of his license to begin the 30-day time limit. The trial court granted defendant's motion to reconsider on November 14, 1991. On November 25, 1991, the State filed a motion for clarification of the trial court's order. The order stated that a motion to rescind need not contain or be accompanied by a request for a hearing, and that the 30-day time period within which a defendant must receive a hearing begins to run upon the mere filing of a motion to rescind summary suspension with the clerk. It stated that the defendant need make no further efforts to set the matter for hearing. The trial court cited *People v. Allen* (1991), 217 Ill. App. 3d 740, 577 N.E.2d 913, which the trial court perceived as overruling this court's decision in *People v. Sowers* (1990), 203 Ill. App. 3d 1059, 561 N.E.2d 469. The State filed a timely notice of appeal.

Section 2—118.1(b) of the Illinois Vehicle Code provides as follows:
"Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, or a similar provision of a local ordinance, the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request or process shall not stay or delay the statutory summary suspension. Such hearings shall proceed in the court in the same manner as in other civil proceedings." Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).

Because the appellate court has not reached consistent results in its interpretation of the 30-day provision of section 2—118.1(b), we will first review the cases addressing this issue.

*People v. Schaefer* (1991), 219 Ill. App. 3d 654, 663, 580 N.E.2d 151, 154, a first district case, held the mere filing of a petition to rescind was not a request for a hearing under this section. *Schaefer* observed that there was a conflict within the appellate court and cited *People v. Grange* (2d Dist. 1989), 181 Ill. App. 3d 981, 986, 537 N.E.2d 1153, 1156, and *People v. Sowers* (5th Dist. 1990), 203 Ill. App. 3d 1059, 1060, 561 N.E.2d 469, 470-71, in support of its holding that because the burden to proceed and the burden of proof in a rescission hearing are placed upon the defendant, section 2—118.1(b) requires more than the mere filing of a petition to rescind before the defendant's statutory right to a hearing within 30 days begins to run. *Schaefer* concluded that a defendant must, at the very least, make an attempt to have his petition for rescission heard by the court. *Schaefer*, 219 Ill. App. 3d at 663, 580 N.E.2d at 155.

*People v. Grange* (2d Dist. 1989), 181 Ill. App. 3d 981, 986, 537 N.E.2d 1153, 1156-57, also found that the defendant's petition for rescission alone was insufficient to begin the 30-day time limit. To have been sufficient, the appellate court held, the petition should have been brought to the attention of the court so that a hearing date could be set.

The defendant in *Grange* filed a petition seeking rescission of his statutory summary suspension, but he made no attempt to bring his petition before the court. The court found that the defendant failed to meet his burden to proceed in obtaining a rescission hearing because

he failed to attempt to obtain a date for a hearing. *Grange*, 181 Ill. App. 3d at 986.

The third district has three cases interpreting the 30-day provision of section 2—118.1(b). In *People v. Puckett* (3d Dist. 1991), 221 Ill. App. 3d 594, 582 N.E.2d 225, and *People v. Johnson* (3d Dist. 1990), 202 Ill. App. 3d 809, 560 N.E.2d 430, the court held that the mere filing of a petition to rescind was sufficient to trigger the 30-day time limit. However, in *People v. Joiner* (3d Dist. 1988), 174 Ill. App. 3d 927, 929, 529 N.E.2d 268, 270, the court held that following a defendant's motion for substitution of a judge, the 30-day time limit did not begin to run until the defendant notified the new judge of his request for a hearing.

In *Joiner*, the defendant filed a petition to rescind her statutory summary suspension on May 19, 1987. It was scheduled for a hearing on June 11, 1987. On June 1, 1987, the defendant filed a motion for substitution of judge. The motion was granted June 9, 1987. The defendant then filed a notice on June 12, 1987, calling for a hearing before the new judge. The case was continued several times before a hearing was held on defendant's petition on June 24, 1987. Defendant successfully argued that she was entitled to rescission of the suspension because more than 30 days had elapsed from the filing of her petition. *Joiner*, 174 Ill. App. 3d at 928, 529 N.E.2d at 269.

On appeal, however, the court held that the 30-day time limit did not begin to run until the newly assigned judge received the defendant's request for a hearing. Because the hearing was held 12 days after the new judge received the request, the court reversed the trial court's rescission. *Joiner*, 174 Ill. App. 3d at 929, 529 N.E.2d at 270.

In *Johnson*, the court ruled that, by filing a petition to rescind his statutory summary suspension, petitioner had fulfilled his burden of proceeding and had shifted the burden to the State to ensure that a hearing date was set within 30 days. (*Johnson*, 202 Ill. App. 3d at 811-12, 560 N.E.2d at 431.) *Johnson* concluded that the State's failure to set a hearing date within 30 days of petitioner's filing of a petition to rescind violated his due process rights and required the rescission of his statutory summary suspension. *Johnson*, 202 Ill. App. 3d at 812, 560 N.E.2d at 431.

In *Puckett*, the third district reaffirmed its holding in *Johnson* that once a petition for a rescission hearing is filed with the clerk, the petitioner has met his burden under section 2—118.1(b) and has shifted the burden to the State to provide a hearing within 30 days. The court held that the petitioner met the section's requirement of a written request for a hearing by filing his petition with the circuit

court clerk and by sending a copy of the petition to the office of the State's Attorney. *Puckett*, 221 Ill. App. 3d at 597, 582 N.E.2d at 226.

Both the *Johnson* and the *Puckett* courts relied, in part, on *In re Summary Suspension of Driver's License of Trainor* (4th Dist. 1987), 156 Ill. App. 3d 918, 510 N.E.2d 614, which stated that a hearing within the 30-day time period was mandatory in order to comply with due process, unless the delay was caused by the defendant. (*Trainor*, 156 Ill. App. 3d at 923, 510 N.E.2d at 617.) However, *Trainor* did not address what conduct was required to trigger the running of the 30-day time limit because the petitioner in *Trainor* not only filed his petition but made an affirmative attempt to have it set for hearing.

Subsequently, in *People v. Hill* (4th Dist. 1991), 219 Ill. App. 3d 259, 579 N.E.2d 1163, the fourth district court held that the mere filing of a petition for rescission of statutory summary suspension was insufficient to trigger the 30-day time limit.

In *Hill*, the defendant filed a petition for rescission of statutory summary suspension on March 15, 1991, and requested a hearing date at that time. He did not serve notice of the April 10, 1991, hearing date until March 18, 1991. The State continued the hearing from April 10 to April 16, 1991. On April 15, 1991, defendant sought rescission of his statutory summary suspension which was denied April 16, 1991. On appeal, the court held that the 30-day time period did not expire until April 18, 1991, 30 days after the defendant gave proper notice of the hearing date. (*Hill*, 219 Ill. App. 3d at 260-62, 579 N.E.2d at 1164-65.) In so holding, the *Hill* court adopted the reasoning of the Appellate Court, Second District, in *People v. Grange* (1989), 181 Ill. App. 3d 981, 537 N.E.2d 1153. The court also concluded that its decision in *Hill* was not in conflict with its earlier *Trainor* decision. *Hill*, 219 Ill. App. 3d at 263, 579 N.E.2d at 1166.

Two fifth district cases have interpreted the 30-day provision of section 2—118.1(b). *People v. Allen* (5th Dist. 1991), 217 Ill. App. 3d 740, 577 N.E.2d 913, relied upon *Trainor*. *People v. Sowers* (5th Dist. 1990), 203 Ill. App. 3d 1059, 561 N.E.2d 469, is based on the reasoning in *Grange*. Just as the fourth district concluded that *Trainor* and *Grange* are not in conflict, this court concludes that *Allen* and *Sowers* are not in conflict. The defendant's argument and the trial court's conclusion that *Allen* overruled *Sowers* are erroneous.

In *Allen*, the defendant filed a petition seeking rescission of his statutory summary suspension on January 16, 1990. A hearing was set for February 15, 1990. On that date, the defendant appeared and announced he was ready to proceed. The daily call judge stated he was unable to hear the petition because the case had been assigned to

another judge. (*Allen*, 217 Ill. App. 3d at 741-42, 577 N.E.2d at 914.) A judge had apparently entered an order removing the State's Attorney and her office from the case. On February 20, 1990, the State's Attorney and the original judge were reinstated to the case. The State's motion to continue was granted on that date because the prosecutor had not been able to subpoena witnesses because she did not have the State's file. The hearing on defendant's petition to rescind his statutory summary suspension was held March 1, 1990. Defendant filed a second motion to rescind because the rescission hearing was not held within 30 days of defendant's January 16, 1991, request. The trial court held that the defendant's motion to rescind had to be granted based on the statements in *Trainor*.

On appeal, this court held that *Trainor* was dispositive. The delay was not caused by the defendant, so rescission of his statutory summary suspension was proper. (*Allen*, 217 Ill. App. 3d at 742-43, 577 N.E.2d at 915.) *Allen*, however, did not address what was required to trigger the 30-day time limit. It focused only on the consequences of failure to hold a hearing within 30 days, after the 30-day limit begins to run.

*People v. Sowers*, on the other hand, focused solely on "whether the defendant's statutory right to a hearing within 30 days begins to run upon the mere filing with the clerk of the circuit court of a petition for a rescission hearing." (*Sowers*, 203 Ill. App. 3d at 1060, 561 N.E.2d at 470.) This court held it did not.

In *Sowers*, the defendant filed his petition for a summary suspension hearing November 3, 1988, but made no attempt to have the motion set for a hearing. On December 9, 1988, defendant filed a motion to rescind his statutory summary suspension because the court had failed to hold a rescission hearing within the section 2—118.1(b) time limit. The trial court's order granting defendant's motion was reversed. We held that in order to begin the running of the 30-day time limit, in addition to filing the petition the defendant "must, at the very least, make an attempt to have his motion heard." *Sowers*, 203 Ill. App. 3d at 1061, 561 N.E.2d at 470-71.

In the instant case, defendant Mills filed a petition for rescission with the circuit court clerk, but he did not request a hearing.

■ When a defendant files a petition to rescind statutory summary suspension of his driver's license, the burden of proceeding and the burden of proof rest upon the defendant. (*People v. Brandt* (1988), 165 Ill. App. 3d 406, 408-09, 519 N.E.2d 85, 87; *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 921, 510 N.E.2d 614, 616; *People v. Grange* (1989), 181 Ill. App. 3d

981, 986, 537 N.E.2d 1153, 1156.) Because these hearings are to proceed in the same manner as other civil proceedings (Ill. Rev. Stat. 1991, ch. 95½, par. 2—118.1(b)), such motions must be brought to the attention of the court and the court must be asked to rule upon them in order for the 30-day time limit to begin. (*People v. Grange* (1989), 181 Ill. App. 3d 981, 986, 537 N.E.2d at 1153, 1156.) Because a motion is an application to the court, which must be brought to the attention of the court, the mere filing of a motion with the circuit clerk is not a sufficient application. *People v. Grange* (1989), 181 Ill. App. 3d 981, 986, 537 N.E.2d 1153, 1156; *People v. Beardsley* (1985), 139 Ill. App. 3d 819, 487 N.E.2d 731.

■ Applying these principles to the instant case, defendant's mere filing of the petition for rescission of statutory summary suspension, without a request for a hearing, was insufficient to begin the 30-day time limit running.

Likewise, defendant's copy of the petition, served upon the office of the State's Attorney, cannot be construed as a sufficient request for a hearing. In *Sowers*, we said that to be sufficient, a request must be brought to the attention of the court so that a hearing date can be set. (*Sowers*, 203 Ill. App. 3d at 1061, 561 N.E.2d at 470, quoting *People v. Grange* (1989), 181 Ill. App. 3d 981, 987, 537 N.E.2d 1153, 1157.) Defendant's notice to the State's Attorney upon filing his petition for rescission is not the same as requesting a hearing date.

Defendant Mills argues that it is the State's "obligation" to set a motion for rescission hearing within 30 days of its filing. We are aware that the third district has adopted this burden-shifting analysis for the section 2—118.1(b) 30-day requirement. We decline to do so. We note that the Illinois Supreme Court will soon resolve this issue. Petitions for leave to appeal have been allowed in both *People v. Puckett* (3d Dist. 1991), 221 Ill. App. 3d 594, 582 N.E.2d 225, *appeal allowed* (1992), 143 Ill. 2d 645, 587 N.E.2d 1022, and *People v. Hill* (4th Dist. 1991), 219 Ill. App. 3d 259, 579 N.E.2d 1163, *appeal allowed* (1992), 143 Ill. 2d 643, 587 N.E.2d 1020.

It is not unusual to place the responsibility for getting a motion heard on the party who files it. (*Gordon v. Bauer* (1988), 177 Ill. App. 3d 1073, 1085, 532 N.E.2d 855, 862 (the party filing the motion has the responsibility to bring it to the trial court's attention for resolution); *Schroeder v. Meier-Templeton Associates, Inc.* (1984), 130 Ill. App. 3d 554, 559, 474 N.E.2d 744, 749 (no cause for remandment because plaintiffs did not request a hearing on the motion after suggesting it be addressed after judgment).) Nor is it unusual for the courts to define what is sufficient to bring a request to the attention of the

court. For example, a defendant who wants a speedy trial pursuant to section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(b)) must do more than merely file a written demand with the clerk of the circuit court. Such a filing is not sufficient affirmative conduct to put the State on notice that a demand for trial has been made. (*People v. Hamilton* (1978), 65 Ill. App. 3d 261, 263, 381 N.E.2d 1168, 1169.) Instead, the defendant must, through some affirmative conduct, demand a speedy trial either in writing or in unambiguous language designed to communicate the demand to the trial court by a formal motion preserved in the record. *People v. Coleman* (1977), 50 Ill. App. 3d 40, 42, 365 N.E.2d 246, 248; *People v. Schoo* (1977), 55 Ill. App. 3d 163, 166, 371 N.E.2d 86, 89.

The speedy trial statute requires the defendant to make a demand. Case law defines the affirmative conduct necessary to make a sufficient demand. Likewise, section 2—118.1(b) requires a defendant to request a judicial hearing for his petition to rescind. And, again, case law defines the procedure a defendant must follow to ensure that his request for a judicial hearing is sufficient.

This court holds that in order for a request for a judicial hearing pursuant to section 2—118.1(b) to begin the 30-day time limit running, the defendant must not only file his petition for rescission with the clerk of the circuit court, but he must also make a request to have his motion heard.

Because in the instant case defendant made no attempt to have his motion heard, the trial court's order granting defendant's petition for rescission of his statutory summary suspension is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

RARICK and H. LEWIS, JJ., concur.